Teas v. McDonald.

ALBERT G. TEAS v. WILLIAM MCDONALD AND OTHERS.

Where an action is brought to set aside a Sheriff's sale on the ground of fraud, all parties who are chargeable with a joint participancy in the fraud, and jointly implicated in effecting the alleged fraudulent sale, must be held, upon exceptions to the petition, to have been properly joined.

It is no objection to the joinder of defendants, that they have no identity of interest, to be affected by the judgment.

In an action to set aside a Sheriff's sale on the ground of fraud, the plaintiff may pray, that in case he fail to prove the purchaser to be a party or privy to the fraud, and therefore fail to get the sale annulled, he may have judgment against the other defendants for the damages sustained by him.

Where special causes of exception have been assigned, others not assigned, which do not go to the foundation of the action, will be deemed to have been waived.

The right of amendment in a proper case, is a right which does not rest in the discretion of the Court. It is subject only to the qualification that it be in itself proper, and be made in time ; and the only sensible object there can be in obtaining the leave of the Court, is to give notice of the amendment to the adverse party, in order that it may not operate a surprise.

See this case as to the right of a plaintiff to propound interrogatories to one of several defendants.

Where there are several defendants, and interrogatories, pertinent to the issues, have been propounded to one of them, and have not been answered, the other defendants cannot object to the reading of the interrogatories as confessed as to the particular defendant ; and a request to the Court by the other defendants, to inform the jury that the confessed interrogatories constitute no evidence against them, is a request for an instruction to the jury, which will not be revised unless there be, in the record, a statement of all the facts.

Where a special verdict was rendered at one Term, and the Judge took it under advisement what verdict to render, and judgment was not rendered until the second Term thereafter, and a statement of facts was then prepared and certified by the Judge to contain all the evidence adduced on the trial, " as well as I recollect it, after so long a period of time," this Court said it could not be received as authentic, for two reasons : it was not made out and certified until a year after the trial, and the certificate did not purport that it contained all the evidence.

Where interrogatories are propounded to a party, and his answers are stricken out on the ground that they are not sufficiently categorical, it is not error to refuse to permit him to make new answers.

In an action to set aside a Sheriff's sale on the ground of fraud, where the Sheriff is made a defendant and is charged with being a party to the fraud, he is not a competent witness for his co-defendants on a joint trial as to all of the defendants.

Quere ? Whether fraud in the purchaser at a Sheriff's sale, will, in any case, con-

stitute an exception to the rule, that in annulling such a sale, the Court will order the purchase money to be refunded.

The rule that in annulling a Sheriff's sale, the Court will order the purchase money to be refunded, goes upon the principle that he who seeks equity must do equity. It is therefore only applicable in those cases where it is just and equitable, as between the parties, that it should be applied. See this case for circumstances where it was held to be inapplicable.

See this case as to the necessity of several defendants who have inconsistent claims, or whose positions may become adverse to each other on a recovery by the plaintiff, making proper allegations and prayers for relief as against one another, in contemplation of a recovery by the plaintiff.

See this case, considered with reference to the special verdict and the judgment thereon, as to Sheriff's sales, joint judgment debtors and fraud.

Error from Walker. Action by William McDonald against Albert G. Teas, John Cotton and A. J. Stevens. The petition alleged that the plaintiff and Cotton having contracted a joint debt with one Campbell, for building a saw-mill, and plaintiff having paid his half thereof, judgment was recovered for the balance against both him and Cotton, whereupon Cotton prosecuted a writ of error, and the judgment being affirmed against Cotton and his sureties, execution was issued against the plaintiff, said Cotton, and said Cotton's sureties on the the writ of error bond; that said Cotton thereupon combined with the said A. J. Stevens, the Sheriff, to defraud this plaintiff and to levy said execution upon the property of this plaintiff, notwithstanding plaintiff had paid his half of the original debt, and notwithstanding that Campbell's attorney had instructed the Sheriff to make the money out of the property of said Cotton; that the Sheriff accordingly levied the execution upon three hundred and twenty acres of land which said Cotton pointed out as his own, and upon six hundred and twenty-two acres, which said Cotton pointed out as the property of this plaintiff; that at the sale, the said Teas, having full knowledge of the facts herein before alleged, and being privy and consenting to the fraud, bid off the said six hundred and twenty-two acres for the sum of $240, but was informed by the Sheriff, by direction of Campbell's attorney, that Cotton had no right to point out the land of this plaintiff, that Mc-

Donald had paid his half of the original joint debt, and that he would not surrender the land without compulsion, and that Campbell did not require him to complete the purchase unless he chose to do so with a knowledge of the facts ; that Cotton had bid off his own land for twenty dollars ; and that the six hundred and twenty-two acres were worth $1244.   Wherefore he prayed, that by reason of the irregularity of the execution, and the fraud committed in the levy and sale, the sale be annulled, or if that should not be deemed equitable, that plaintiff have judgment against the said Stevens and Cotton for the aforesaid value of said land, and for five hundred dollars damages.

Interrogatories were propounded to defendant Stevens, whether he had not informed defendant, Teas, " of the facts " above alleged to have been told him by you previous to the " payment by him of the purchase money for said six hundred " and twenty-two acres of land," &c.

All the defendants answered separately—first by exceptions to the mis-joinder of defendants and of causes of action, and secondly, by denying all the allegations of the petition which were not shown to be true by the proceedings and execution in the case of Campbell v. McDonald and Cotton.

In the view of the case taken by the Court, it is unnecessary to state the evidence or the exceptions taken.   It may be stated, however, that it appeared from a bill of exceptions that " the defendants " offered the defendant, A. J. Stevens, as a witness, and his testimony was excluded.   Special issues were submitted to the jury under the direction of the Court, and their verdict upon the same, which was the only verdict in the case, was as follows :

1st. What were the 622 acres of land worth ?   *Ans.*   $1244.

2nd.   Was the land pointed out to the Sheriff formally by John Cotton ?   *Ans.*   Yes, it was.

3rd.   If so, was Teas informed of this fact before he paid the purchase money ?   *Ans.*   Yes, he was.

4th.   Was Teas notified before he paid the purchase money,

that the attorney of Campbell did not require him to pay the purchase money ?  *Ans.*  Yes.

5th.  Did John Cotton give an indemnifying bond to levy and sell said land ?  *Ans.*  Yes.

6th.  Had McDonald paid half or any part of the original joint debt due to Campbell ?  *Ans.*  Yes, he had paid one-half.

7th.  Did John Cotton furnish aid to Teas in procuring the money to pay for said land ?  *Ans.*  He did not.

8th.  Did Teas have notice that John Cotton gave Stevens an indemnifying bond to sell the land.  *Ans.*  No.

9th.  Did John Cotton procure Albert G. Teas to purchase the 622 acres of land in controversy ?  *Ans.*  He encouraged him to purchase at the time of sale.

Whereupon it was ordered that the finding of the jury be entered of record, and that the judgment of the Court thereon be reserved for further hearing, and thereupon the defendants having filed motions for a new trial and that the findings be set aside, the same now considered and argued, and it was ordered that said motions be overruled and refused, and by consent of parties the judgment of the Court, on the findings, is reserved until the next Term.  It was further agreed that the Judge may make out and file the bills of exceptions on the points reserved by the parties, during the vacation, or at next Term.

This was at the Spring Term 1851.  At Fall Term 1851, there was an entry " This cause is continued under advisement by Hon. C. W. Buckley till the next Term of this Court in course."  At the Spring Term 1852, the Court decreed that the Sheriff's deed to Teas " be set aside and decreed to be null and void, for fraud."  At same Term a statement of facts was prepared, and certified by the Judge to contain " all the evidence adduced on the trial, as well as I recollect it, after the lapse of so long a period of time."  The plaintiff's attorney did not join in making the statement of facts.  This writ of error was prosecuted by Teas.

*W. A. Leigh* and *A. P. Wiley*, for plaintiff in error.

*H. Yoakum*, for defendants in error.

WHEELER, J.   It will suffice for the disposition of this case, to consider the errors assigned, which have been relied on in argument by counsel for the appellant.   And first it is insisted that the Court erred in overruling exceptions to the original and amended petition.   The exceptions taken were, that there was a mis-joinder of parties defendant and of causes of action, and inconsistency and repugnancy in the prayer of the petition.   In neither respect do we think the exceptions well taken.   Although for the purpose of setting aside the sale as fraudulent, it may not have been necessary to join the defendants, Cotton and Stevens, yet as they were charged with a joint participancy in the fraud practiced upon the plaintiff, and were, by the averments of the petition jointly implicated in effectuating the alleged fraudulent sale, upon exceptions to the petition, they must be held to have been properly joined on the principle decided in Birdwell, Adm'r, v. Butler *et al.* (*ante.*)   It is no objection to the joinder of these defendants, that they may have had no identity of interests to be affected by the judgment.   For, in Courts of Equity, persons having very different and opposite interests, are often made parties defendant.   (2 Story's Eq. 1526.)

It was certainly competent for the plaintiff in stating his cause of action, to frame his petition with a double aspect, and to pray alternative relief; so that in case he failed to bring home to the defendant Teas, a sufficient knowledge of and participancy in the fraudulent acts of his co-defendants, to avoid the sale, he might have his recourse upon the other defendants, for the injury he had sustained by reason of their acts.   If the averments of the plaintiff were true—as upon exceptions they must be taken to be—he had his remedy to set aside the sale, and for damages ; and it was not necessary to bring more suits than one against the same parties, to obtain

the full measure of redress to which he was entitled for the same injury.

It is objected to the amended petition that it does not appear to have been filed by leave of the Court; and that it is not sufficiently special in its charges of fraud. It was not excepted to on either of these grounds, but on the sole ground of repugnancy to the original petition. And it is well settled, that where special causes of exception have been assigned, others not assigned will be deemed to have been waived (Crayton v. Munger, 9 Tex. R. 585); and for the obvious reason, that had the objection been taken at the time of excepting, it might have been obviated by amendment. Besides, the right of amendment in a proper case is a right which does not rest in the discretion of the Court. It is subject only to the qualification that it be in itself proper, and be made in time. And the only sensible object there can be in obtaining the leave of the Court, is to give notice of the amendment to the adverse party, in order that it may not operate a surprise. (Connell v. Chandler, 11 Tex. R. 249.) Here the defendants had notice of the amendment, and excepted to it, and cannot therefore have been surprised by it, or in any way prejudiced by the omission to obtain the leave of the Court to file it. Nor is the objection well founded, that it does not allege with sufficient certainty and specialty the facts in which the fraud is charged to consist. These were stated in the original petition, to which it refers for the specification of them; and it was unnecessary to reiterate them in the amendment. In no point of view are the objections tenable.

Again, it is objected that the Court erred, in overruling exceptions to the interrogatories propounded to the defendant Stevens, and in striking out his answer to the first interrogatory, and in refusing instructions asked by the defendant as to the legal effect of his answer. To this it must be answered that it was the undoubted right of the plaintiff to propound interrogatories to either or all of the defendants touching any matters pertinent to the issues. The answer of the defendant

stricken out was not such as the law required, (Hart. Dig. Art. 736, 737,) but was manifestly evasive and impertinent, and was therefore very properly stricken out, and the interroga- tory taken as confessed as to the defendant Stevens. But what should be its effect upon his co-defendants was a differ- ent question. And upon this question we cannot revise the rulings of the Court complained of, in refusing instructions asked by the defendants, for the reason that there is no properly authenticated statement of facts ; and consequently we cannot know what effect or influence, if any, these rulings had upon the finding of the jury. It is well settled that in the absence of a statement of all the facts, this Court cannot revise the rul- ings of the Court below in giving or refusing instructions. (Armstrong v. Lipscomb, 11 Tex. R. 649.) It is evident that the statement in the record cannot be received as an authentic statement of facts, for two reasons : it was not made out and certified to by the Judge until a year after the trial, and the certificate does not purport that it certainly contains all the evidence adduced in the case, but only that it is all that the Judge can recollect "after the lapse of so long a period of time."

There was no error in refusing to permit the defendant Ste- vens, to amend his answer which had been stricken out or afterwards to testify in the case to exculpate himself and his co-defendants. It would be of dangerous consequence to the rights of honest litigants to permit amended afterthought swearing under such circumstances.

The Court rested its judgment on the sole ground of the fraud practiced upon the plaintiff in effecting the sale of his land by the parties under the circumstances of the case. And on that ground we think the judgment ought to be affirmed. The verdict conclusively establishes that Teas was apprised (among other matters calculated to put him upon inquiry) that the defendant in execution, the present plaintiff, objected to the sale ; and that the plaintiff in execution did not require him to complete the purchase. He is presumed to have been

aware of the value of the land, and he must have known that he was purchasing for a price which no man in his senses would be willing to accept, and for which no honest and fair man would take another's property without his consent. He knew at least, that it was a most inequitable, if he did not also know that it was a most iniquitous bargain, and that it was objected to as improper; and if he was not fully apprised of the unjust, oppressive and fraudulent conduct of his co-defendant Cotton, he at least was apprised of enough to have put him upon inquiry; and the sources of information appear to have been at hand. As an honest and fair man he should have made inquiry; and if he would not, and therefore was not apprised of all the facts,—as there is little reason to doubt he was,—it was his own fault, and he must suffer the consequences of the annulling of the fraudulent and oppressive bargain, which, though cautioned, he persisted in consummating, and seeks to uphold. The judgment is affirmed.

*A. P. Wiley*, for plaintiff in error, for a re-hearing. The counsel for the plaintiff in error in the above entitled cause respectfully requests a reconsideration and re-hearing therein; in support of which it is submitted, that the issues as found by the jury do not make out such a case of fraud against Teas as to deprive him, in equity at least, to be re-imbursed the money which he advanced to satisfy the judgment against McDonald and Cotton, and that the sale should not be set aside until this was done. The case of Howell's heirs v. McCreary's heirs and others, in Kentucky, is a case precisely in point, and much stronger against the purchaser than this, and yet in that case the Court decided that relief would not be granted except upon restitution of the purchase money. (7 Dana, 389.)

WHEELER, J. We have attentively considered the application for a re-hearing, but see no reason to award it. It is,

in general, true that a Court of Equity will not set aside a sale and restore the property to the owner without requiring him to refund the purchase money which he has received. (Howard v. North, 5. Tex. R. 290; 9 Tex. R. 385; Hatch v. Garza, 7 Tex. R. 60.) And this upon the principle that he who seeks equity must do equity. Whether fraud in the purchaser will in any case constitute an exception to the rule, it is not necessary in this case to inquire. For the rule is only applicable in those cases where it is just and equitable, as between parties, that it should be applied. And where the property of a judgment debtor is sold, and the price applied in payment of his debt, if he would set aside the sale, and be restored to the possession of his property, the law deems it just and equitable that he should refund the purchase money which he has received. But in this case, if Teas, the purchaser of the property, was chargeable with notice of the facts, as we think he was, he is to be deemed to have purchased with a knowledge of the fact that the judgment debtor, whose property he purchased, though legally liable to the plaintiff in execution, yet, as between him and his co-defendant Cotton, was not equitably liable; for that he had paid his proportion of the debt, and really owed nothing; and that his co-defendant Cotton, who pointed out the property, was the sole debtor, out of whose property the debt should have been collected; and that he was held so liable by the plaintiff in execution, who did not desire the property of the plaintiff in this suit to be sold in satisfaction of his judgment. After bidding off the property, Teas was apprised that the plaintiff in execution did not require him to pay the money. It was really and equitably the debt of his co-defendant Cotton, at whose instigation he made the purchase, and in whose fraudulent conduct he became implicated, which the purchase money paid by Teas went to extinguish; and in equity and justice he should look to Cotton, and not to the plaintiff in this suit to refund it. It was not equitable or just to this plaintiff to purchase his property in satisfaction of the debt of another; and it would not

be just or equitable to require him to refund money which he did not receive, but which was paid for the benefit of another. But it is said that Cotton, who was principally in fault, and not Teas, should be the sufferer. But Teas permitted himself to become the instrument of Cotton in perpetrating the wrong done the plaintiff. It was not the duty of the plaintiff to ask an adjustment of their respective rights. Nor could the Court interpose for that purpose, unless they had so framed their pleadings as to render such an interposition proper. If when sued for the restoration of the property, Teas had manifested a willingness to do justice, and had asked equity of his co-defendant Cotton, his claims to relief might have been considered. But having adopted a different course, and occupied the same position in his defence as his co-defendant, he cannot now claim the advantage of an inconsistent position. And to require the plaintiff to make restitution to him, would be to enable the defendants to avail themselves of the amicable position they assumed upon the record, to impute to themselves for their own advantage, the fraud practiced upon the plaintiff. They severed in their answers it is true, but they urged substantially the same defences, and seemed to have been actuated by a common purpose, the defeat of the plaintiff's just rights. And they must be held to all the consequences of the character and attitude which they have assumed upon the record.

Judgment affirmed.