## J. H. HILLIARD v. HONS & SUMMERS.

1. See this case for construction and extent of a letter of credit.
2. It is the exclusive province of the court to construe written instruments.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

The opinion of the court sufficiently states the facts of the case.

*Giddings & Morris*, and *Walton & Green*, for the plaintiff in error.

*Sayles & Bassetts*, for the defendant in error.

WALKER, J. This suit grows out of the following letter of credit:

" MR. SUMMERS :

" Mr. Tucker wants some clothing for a negro and himself, " and expects to give his business to you. Please let him have " the articles he wants, and I will see it paid.

" JNO. H. HILLIARD.

" May 18th, 1867."

This letter is written, no doubt, in the usual careless and off-

hand style in which such letters are usually executed. The question is, how shall it be read, and what is its usual import? The letter consists of two sentences. Properly divided and punctuated, with the necessary interpolations to develop the meaning of the writer, it would probably read about thus:

"MR. SUMMERS:

"Mr. Tucker wants some clothing for himself and a negro, "*at present;* and *he* expects to give his business to you. "Please let him have the articles he *now* wants, and I will see "it paid."

This reading would probably express more accurately the meaning the writer intended to convey. The words, "and ex-"pects to give his business to you" certainly relate to a future matter. They contain simply a piece of information touching the future expectation of Mr. Tucker. Put them in a paren-thesis, or leave them out of the letter altogether, and the fol-lowing will be the reading

"MR. SUMMERS:

"Mr. Tucker wants some clothing for a negro and himself; "please let him have the articles he wants, and I will see it "paid."

We think this was all of Mr. Hilliard's letter that related to the present matter in hand, or was in any way intended to give Tucker a credit with Summers. The words we leave out of this letter, reading "and expects to give his business to you," contain only a matter of information, touching Tucker's inten-tion to transact his business with Summers; and we do not think, by any proper legal construction, these words can pos-sibly be made to extend the undertaking of Hilliard beyond the clothing for the negro, and for Tucker himself, and such other articles as he took up on the 18th of May, 1867.

It will be the duty of the court to construe this instrument.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.