## W. A. LOCKHART v. SAM LYTLE.

1. PARTNERSHIP EXPENSES.—An action for contribution of expendi-
   tures incurred by a partner for the use of the partnership, without
   going into a settlement of the partnership accounts, cannot be main-
   tained, at least, without a special agreement, or a separation of the
   transaction from the partnership accounts.
2. PARTNERSHIP—LIMITATION.—A petition by one partner, alleging
   the proposed duration of a partnership, but showing that the mat-
   ters passed into the hands of a receiver before the close of the agreed
   term, and seeking recovery against another partner, on partnership
   account, and filed more than two years after the date the partnership
   matters passed into the hands of the receiver, will be held barred by
   limitation.

ERROR from Medina. Tried below before the Hon. J. J.
Thornton.

This was a suit brought October 8, 1873, by Lockhart against
Sam Lytle, alleging that there had been a partnership between
plaintiff and the defendant, in raising sheep, in the county of
Bandera, the same being a flock of about five thousand; that
the said flock was put into the possession of one Bryce Little,
who was to keep them till the expiration of the partnership,
the 2d December, 1870; that in July, 1869, Little left the
sheep, notifying Lytle of his intention; that Lytle refused to
take charge of them, whereupon the plaintiff took them, about

the beginning of July, 1869, and carried them to his home in Bexar county; that he spent on the sheep from that time, inclusive of some back bills, till 1st December, 1869, $1,094.56, (for which he gave a bill of particulars,) and that his personal services in taking care of the sheep from July until December 1, 1869, when the sheep were turned over to a receiver, appointed by the court at said Lytle's instance, were worth $100 per month; that all the said outlay was necessary, and the cost reasonable; and that defendant had refused to give said herd of sheep any attention. Judgment was asked for one half the amount so expended, and one half the value of plaintiff's labor for four months, as alleged.

The defendant demurred, and urged by special exception that the petition on its face showed that the cause of action occurred more than two years before the suit was filed.

The exception was sustained, and judgment final rendered for the defendant. Plaintiff, by writ of error, brought up the case for revision.

*W. B. Leigh,* for plaintiff in error.

*Walton, Green & Hill,* for defendant in error.

GOULD, ASSOCIATE JUSTICE.—The petition seeks to recover contribution for certain expenditures of money and labor by a partner, for the use of the partnership, without going into a settlement of the partnership accounts; and the authorities are that such a suit cannot be maintained, at least not without showing a special agreement, or a separation of the transaction from partnership accounts. (Collyer on Partnership, sec. 284; Parsons on Partnership, 286; 1 Story's Eq., sec. 664.)

Further, if the petition be held to state a cause of action, it shows an indebtedness accruing more than two years before suit brought, and the exception setting up the defense of limitation was properly sustained.

The averments of the petition do not show a partnership

actually continued until within two years of the commencement of suit, but, on the contrary, it is the legitimate inference from those averments, that the partnership was dissolved more than two years before suit.

The judgment is affirmed.

Affirmed.