F. VOGELSANG & BRO. v. G. H. MENSING & BRO.

(No. 1988, Op. Book No. 2, p. 458.)

APPEAL from Washington County. Opinion by WATTS, J.

§ 1165. *Venue; principal and guarantor; joinder of defendants.* Appellants executed the following letter of guaranty, viz.:

"WELCOME, January 28, 1876.

"Messrs. MENSING & BRO., Brenham:

"*Gents*—The bearer of this note, I. Valdez, wants one of your Mitchell wagons on time, if compatible with

your rules of selling same. You may let him have one, also, and we will see it paid by 1st November, 1876.

"Yours truly,    F. VOGELSANG & BRO."

Valdez got the wagon of appellants upon this guaranty, and executed to them his promissory note for $95, the purchase price of the wagon, stipulating therein to pay twelve per cent. interest from date. Appellees instituted this suit against Valdez upon the note, and against appellants as guarantors, in Washington county, that being the residence of Valdez, but appellants resided in Austin county. Appellants pleaded in abatement to the jurisdiction of the court, which plea was overruled, and judgment was rendered against appellants for the full amount of the note, with twelve per cent. interest. *Held*, the plea in abatement to the jurisdiction of the court was properly overruled. The object of the suit was to recover the value of the wagon from Valdez as principal and appellants as guarantors, evidenced against the former by his note and against the latter by their letter. It is our practice to join in the same suit all who are supposed to be liable, although their liability may have accrued in different ways. [O'Shea v. Twohig, 9 Tex. 342.] It is no objection to the joinder of defendants that they may have had no identity of interest to be affected by the judgment; for in courts of equity persons having different and opposite interests are often joined as parties defendant. [Teas v. McDonald, 13 Tex. 349.] The rule against multiplicity of suits has peculiar force in our system of procedure. Within reasonable limits, it is the cardinal principle on the joinder of parties and causes of action. [Clegg v. Varnell, 18 Tex. 304.] Here the parties are sued together, Valdez as principal and appellants as guarantors, for the purchase price of the wagon, and the fact that their liability accrued by different instruments constitutes no valid objection to joining them in the same suit. The attitude of appellants in this particular is about the same as if they were sureties for Valdez. [R. S. 3668.] And the suit was properly brought against

them in the county where Valdez resided. [R. S. 1556; Randon v. Barton, 4 Tex. 292.]

§ **1166.** *Guarantor; extent of liability of.* The appellants are bound by their letter of guaranty for the purchase price or value of the wagon, and not by the note of Valdez. Theirs was a separate undertaking, the scope of which is to be determined alone by the terms of their letter, and as they derived no benefit from that undertaking, they have a right to stand upon the strict terms of their contract. Their liability as guarantors cannot be extended by implication or otherwise beyond the terms of their letter to appellees, and manifestly by that they are guarantors for the payment of the price of the wagon at the date named, and not merely guarantors that the amount was collectible. [Smith v. Montgomery, 3 Tex. 199; Hilliard v. Hons & Summers, 37 Tex. 717; Brandt on Suretyship & Guar. §§ 1, 80, 86.] But appellants' liability being confined to their letter of guaranty, it was error to render judgment against them for the rate of interest, twelve per cent., stipulated for in Valdez's note. Conventional interest is the creature of contract, and no one is bound to pay more than legal interest unless by express agreement. There is no stipulation in their letter with regard to the rate of interest to be paid, hence they are bound for no more than the legal rate from the 1st day of November, 1876. The judgment of the court below was reversed and rendered so as to make it for $95, together with interest at the rate of eight per cent. per annum from November 1, 1876, as against appellants, and the costs of the appeal were adjudged against appellees.

October 3, 1881.                    Reversed and rendered.