## N. S. WORLEY v. W. H. SMITH.

Decided May 18, 1901.

1.—Partnership—Accounting—Liability Between Partners.

In the absence of an accounting and settlement of the partnership business, one partner can not be held liable to another for sums paid by the latter in the course of the business, at least without showing a special agreement, or a separation of the transaction from the partnership accounts.

2.—Same—Set-Off—Unliquidated Damages.

Expenses paid by one partner on account of an order wrongfully and fraudulently made by the other for the purpose of obtaining possession of partnership goods, constitutes an unliquidated demand for damages for a tort such as can not, under the statutes, be set off against a certain demand. Rev. Stats., art. 754.

3.—Fundamental Error—Practice on Appeal.

Where the defect in a plea is one of substance and not of form merely, rendering it obnoxious to a general demurrer, the rule that objection thereto is waived unless made in the court below, does not obtain.

Appeal from Ector. Tried below before Hon. W. R. Smith.

*W. W. Martin,* for appellant.

*Hawkins & Camp,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted against appellant, N. S. Worley, April 11, 1900, upon an agreement in writing executed by him, and by virtue of which appellee was entitled to the sum of $540.

The defendant Worley pleaded in offset a number of payments and accounts which need not be noticed. But, among other things, appellant plead that he and appellee were partners in a hotel business at the same time they were in the saddlery business out of which arose the contract sued upon; that during the continuance of such hotel business defendant was compelled to pay the several sums specified in the several exhibits attached as part of the pleas, whereby plaintiff became liable to defendant for one half thereof, for which defendant prayed judgment.

Appellant also pleaded as an offset the sum of $299.50 paid by him to Fife & Miller as necessary expenses incurred by them in shipping to Midland a carload of carriages and buggies upon the order of plaintiff made wrongfully and fraudulently in the name of Worley & Co. the day before the contract sued upon was made, which was the day of the dissolution of the partnership. It was alleged in the plea that defendant was without notice of this order; that it was made surreptitiously and fraudulently for the fraudulent purpose of obtaining possession of said buggies for the use and benefit of plaintiff and one Bergman on the credit of Worley & Co.; that upon the arrival of the buggies defendant had gone out of the business; had no use for them; that plaintiff and Bergman were insolvent, and that he paid Fife & Miller said $299.50 in order to relieve himself against the valid claim of Fife & Miller against him for the amount charged for said buggies, $1650.

Exceptions to the foregoing pleas were sustained; a trial had which resulted in a judgment for appellee in the sum of $319.48, and the case is now before us on the trial court's conclusions of fact and law, and the errors assigned to the action of the court on the demurrers and to the exclusion of evidence as hereinafter noted.

While the pleas setting up the sums paid by appellant in the hotel business may not have been subject to the particular objection urged because of the general allegations made in the same connection to the effect that said business had proven a "losing venture," and never had proceeds or assets out of which to pay the specified sums, we nevertheless think the action of the court must be sustained on the ground that said pleas in no aspect showed that any partnership settlement or accounting of the hotel business had been had between plaintiff and defendant. Mr. Parsons, in his treatise on Partnerships, third edition, page 311, et seq., says: "Courts, at least in England, seem to have held, or judges have said, that a partner who has paid money for the partnership may, generally, sue his copartners for contribution. This is the more remarkable, because the whole doctrine of contribution is originally only equitable. Every reason against other actions at law, between copartners, would seem to apply to those for contribution. One partner pays money to-day, and another to-morrow; and the only way

of determining the questions which might arise from such payments, would seem to be to credit the paying partner with the amount he pays, and give this item its due place and weight in the general account of the partnership. We find but little, or rather nothing, in American jurisprudence, and nothing in the reason of the case, to sustain an action at law by a partner against his copartner for contribution, unless the facts of the case and the whole character of the transaction insulate it from the general accounts of the partnership, and bring it within those reasons which, as we have said, seem to us sufficient to sustain any action at law between partners."

In the case of Lockhart v. Lytle, 47 Texas, 453, which was an action between former partners for contribution, our Supreme Court say, speaking through Justice Gould: "The petition seeks to recover contribution for certain expenditures of money and labor by a partner, for the use of the partnership, without going into a settlement of the partnership accounts; and the authorities are that such a suit can not be maintained, at least not without showing a special agreement, or a separation of the transaction from partnership accounts." See also Meriwether v. Hardeman, 51 Texas, 437.

It is insisted, however, that inasmuch as no such objection was made below it can not now be urged, and the cases of Crayton v. Munger, 9 Texas, 291; Teas v. McDonald, 13 Texas, 354, and Hays v. Bonner, 14 Texas, 631, are cited as sustained this position. In general terms the cases would seem to support the contention, but where the defect is one of of substance and not of form, where the plea is subject to general demurrer, no such rule obtains. The defect in the pleas in question, according to the effect of the authorities cited, is vital, fundamental, and requires of us notice even in the absence of objection.

The action of the court in sustaining the exception to the plea for recovery of the sum paid Fife & Miller we think must also be sustained, in view of appellee's cause of action, which was clearly founded on a "certain demand." The right given a defendant to plead "any counterclaim which he may have against a plaintiff," which is here urged, is "subject to such limitations as may be prescribed by law." Rev. Stats., art. 750.

Article 754 of the Revised Statutes expressly provides: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff."

As alleged, appellant's claim for the sum paid Fife & Miller was clearly "founded on a tort or breach of covenant on the part of the plaintiff," and it can not be said that such claim was liquidated. That term means adjusted,—certain or settled in respect to amount. Jones v. Hunt, 74 Texas, 657. The term "certain demand" has been held to

have the same meaning as the word "debt." Duncan v. Magette, 25. Texas, 245. Some measure of damage may be applied under the facts. alleged, but the law has not fixed the amount paid Fife & Miller as the measure so that we can say that such sum constitutes a liquidated or certain demand. Fife & Miller "charged" $1650 for the buggies, but for aught that appears in the allegation they may have had in Midland a greater market value; or some other fact may have existed that by proper prudence on appellant's part would have rendered plaintiff's act in making the order complained of harmless. At most, defendant would be entitled to compensation merely, and he failed to show that he was entitled to recover the sum paid Fife & Miller, perhaps improvidently,. in compromise.

But little more need be said. The evidence supports the court's con-- clusions of fact which affirm, to the extent of the judgment, the material allegations of plaintiff's petition. The court was clearly correct in ex- cluding the testimony of the witness Martin to the effect that at the time of the performance of the professional services of Dr. Tanner, for which appellant was charged, such physician had duly of record a dip- loma "showing him to be the graduate of a medical college authorized to issue diplomas," and no reversible error otherwise appearing, the trial court's conclusions of fact and of law are adopted, and the judg- ment is affirmed.

*Affirmed.*