## DANFORTH, ROOS & EPPSTEIN v. LEVIN.

(Court of Civil Appeals of Texas. San Antonio. April 10, 1913. Rehearing Denied May 7, 1913.)

1. PARTNERSHIP (§ 5*)—CONTRACT—RELATION OF PARTNERS.

Where defendants agreed to enter a theatrical venture, defendants D. and R. agreeing to advance $10,000 in addition to paying $2,750 to another for his interest, the three to share equally in the net profits, the defendants were partners and each liable to third persons for partnership obligations.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 15, 16; Dec. Dig. § 5.*]

2. PARTNERSHIP (§ 87*) — OBLIGATION OF PARTNERS—DEBTS—CONTRIBUTION.

Where two of the partners of a firm, engaged in a theatrical venture, agreed to contribute $10,000, the three to share equally in the profits, and the third partner contracted debts for scenery, they were all equally liable therefor, in the absence of any allegation by the latter that any part of the $10,000 remained on hand out of which the debt could have been satisfied.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 135; Dec. Dig. § 87.*]

3. PARTNERSHIP (§ 109*)—CONTRIBUTION BETWEEN PARTNERS.

The right of contribution between partners obtains only after a full settlement or accounting has been had which shows inequalities in the partners' accounts.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 156, 171, 187; Dec. Dig. § 109.*]

Appeal from District Court, Bexar County; A. W. Seeligson, Judge.

Action by N. Levin against Danforth, Roos & Eppstein. Judgment for plaintiff against all the defendants and judgment over in favor of Wm. Eppstein against his codefendants, and defendants appeal. Affirmed in part and reversed in part.

McFarland & Lewright, of San Antonio, for appellants. T. H. Ridgeway, and Hicks, Hicks & Teagarden, all of San Antonio, for appellee.

TALIAFERRO, J. N. Levin sued Wm. Eppstein, Edward Roos, A. H. Danforth, and Bartley Cushing, as partners, in the district court of Bexar county, to recover the sum of $575, balance due him for material supplied and services rendered in making and painting certain scenery to be used upon the stage of a theater in San Antonio, of which the defendants were alleged to be lessees. Defendant Eppstein, by answer, denied under oath the partnership, and alleged that he was, at the time the said scenery was ordered, acting as the agent of Roos and Danforth, who were alone liable for the debt to plaintiff.

He further alleged that said Roos and Danforth had specially agreed to pay the debt sued on and to hold him harmless against any claim by Levin or any other person, and he prayed that, if judgment be rendered against him for said debt, he have judgment over against Roos and Danforth. Roos and Danforth answered by a general denial as to the claim of Levin and the cross-action by Eppstein. Trial without a jury resulted in a judgment for Levin against Eppstein, Roos, and Danforth jointly and severally for the whole of the debt and over against Roos and Danforth in favor of Eppstein in accordance with his prayer.

### Conclusions of Fact.

Wattles and Eppstein were partners and lessees of the Orpheum Opera House, in San Antonio, Tex. They had differences and a dissolution of the partnership was desired. In some way not revealed by the record, this became known to Roos, who called Danforth into conference and told him they could "get in on" the management of the Orpheum on favorable terms. This was interesting to Danforth, and together they entered into negotiations which resulted in their paying $2,750 to Wattles to get out, and making with Eppstein an agreement whereby, in consideration of their payment to Wattles of the $2,750 and their further financing the enterprise to the extent of $10,000, they should have two-thirds interest and Eppstein should have one-third interest in the ultimate profits. This seems to have been generally agreeable, and Roos and Danforth, after having paid Wattles, who disappeared, began and diligently proceeded to spend the $10,000. It was a part of the agreement that a corporation should be formed by the three, and the stock divided equally between them. This, however, was not done, and the misunderstanding which grew out of that event became general and the partnership affairs were not harmonious. Eppstein, who expected to be manager, was not, but an outsider was employed for that post. Roos, however, managed some, as did Eppstein, and even Danforth looked in on the management. They needed scenery. Eppstein knew this and told Roos and Danforth, who admitted it and told Eppstein to get some. Eppstein told them that he had formerly had a contract with a competent person for some scenery which, if they approved, he would resume for their benefit. They said go ahead, and Eppstein did. The work on the scenery progressed. There were curtains, teasers, tormentors, wings, borders, palaces front and back, and drapery. All was needed quickly, and Mr. Eppstein impressed this upon Mr. Levin. Upon a time Eppstein escorted both Roos and Danforth to the studio where this artistic work was progressing, and they were charmed by the beauty as well as the cheap-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ness of the artist's execution, which gave both Eppstein and the artist great pleasure; Eppstein, because his judgment was vindicated, and the artist, "because he was doing the work and was going to be paid for it." No friction arose until Mr. Levin wanted his money. Then, Mr. Eppstein having paid him $25, gave him an order on Roos for $400, which order was repudiated and never paid. Several efforts were made to induce each of the parties to pay the money, but they were ineffectual. It was not shown that the whole, or what part, of the $10,000 for which Roos and Danforth pledged themselves had been expended, and no accounting between the partners was shown. Roos, Danforth, and Eppstein were to share equally in the profits. No profits were shown to have been made.

### Conclusions of Law.

[1] Roos, Danforth, and Eppstein were partners. The only limitation on their partnership obligations was that Roos and Danforth were obligated to provide $10,000 to finance the venture before any personal obligation could fall upon Eppstein.

[2] There is no evidence which in any manner shows that Eppstein was the agent of Roos and Danforth. He had the right as a member of the firm to contract debts for the partnership, and up to the sum of $10,000 Roos and Danforth were obliged to pay such obligations. Eppstein did not plead nor did he prove that any part of the $10,000 remained on hand out of which this debt could have been satisfied, and it is immaterial whether the members of the firm had in mind from the beginning this expenditure for scenery. Eppstein's right to sue appellants for money paid out by him on behalf of the partnership accounts rested wholly upon contract. Collyer on Part. § 284; Parsons on Part. § 286; Story on Part. § 221. In the absence of the express contract by Roos and Danforth to pay $10,000 in promoting the interests of the partnership, the law would have charged each partner separately and equally with the cost and expenses, and when the sum agreed to be advanced by them was legitimately expended in the promotion of the enterprise, their separate obligation ceased, and any other debt contracted by any one of the partners, for the firm account, became a firm debt equally the obligation of all. The burden was upon the member of the firm seeking immunity from firm obligation to allege and prove facts which entitled him to such immunity. Eppstein, not having done this, was not entitled to have judgment over against his codefendants.

[3] The right of contribution between partners has been recognized only after a full settlement or accounting has been had which shows the inequalities in their accounts. Merriwether v. Hardeman, 51 Tex. 436; Lockhart v. Lytle, 47 Tex. 452; Worley v.

Smith, 26 Tex. Civ. App. 270, 63 S. W. 903; Long v. Garnett, 59 Tex. 229; O'Neill v. Brown, 61 Tex. 34; Hines v. Dean, 1 White & W. Civ. Cas. Ct. App. § 691.

That part of the judgment of the lower court wherein the plaintiff, Levin, is permitted to recover against Roos, Danforth, and Eppstein is affirmed. That portion which permits Eppstein to recover over against his codefendants Roos and Danforth is reversed and here rendered that he take nothing by his cross-action against said codefendants and that he pay all costs of this appeal.

Affirmed in part and reversed and rendered in part.