## PARKS v. INTERSTATE ACCOUNTS SERVICE, Inc.

No. 1305.

District Court, W. D. Missouri, W. D.

Feb. 10, 1944.

Donald W. Johnson and Charles V. Garnett, both of Kansas City, Mo., for plaintiff.

Rice, Miller & Hyatt, of Kansas City, Kan., and Reinhardt & Schibsby, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The sole question for decision in this case is whether the payment of $3750 to the plaintiff for a release of his contract of employment would operate in law as a release or become an accord and satisfaction so as to discharge the defendant from further liability. The plaintiff made his claim in two counts. The second count was tacitly dismissed so that the trial was on the first count only. The complaint was entitled "Petition for Damages for Breach of Contract."

In the first count it was charged by the plaintiff that the defendant became bound to him by a contract of hiring dated May 27, 1942. The contract was to become effective June 22nd following. By its terms, the "plaintiff was appointed and employed

as Region Manager of Region III, said Region III, consisting of the states of Wisconsin, Minnesota, North Dakota, South Dakota, Nebraska, Iowa, Missouri and Kansas; * * *."

The consideration to be allowed to plaintiff for his services was expressed as follows: " * * * and it was provided by said contract that defendant would pay to plaintiff as compensation for his services as Region Manager, fifteen percent (15%) of the net field profits arising from the collection and payment of accounts in said Region III, including both the collections made by plaintiff which are referred to in said contract as 'field collections,' and collections and payments made directly to defendant from said Region III which are referred to as 'direct payments'; and it was provided by said contract that said net field profits should be computed by deducting from said field collections and direct payments all expenses of field operations, including plaintiff's personal business traveling expenses, and an advance of One Hundred ($100.00) Dollars per week to plaintiff as a drawing account; and it was further provided by said contract that said contract should continue in force for a period not less than one year from and after the 22nd day of June, 1942." This was followed by averments to the effect that plaintiff "entered upon the performance of said written contract" and faithfully performed all of his duties and met his obligations thereunder from the 22nd day of June, 1942, until the 2nd day of July 1942. But, on the latter date, that: " * * * the defendant without just cause or excuse therefor and without the consent of the plaintiff, notified and advised the plaintiff that his said contract of employment was ended and that defendant would no longer perform said contract upon its part and would no longer permit the plaintiff to perform said contract on his part, by reason whereof defendant breached its said contract of employment with plaintiff and rendered the further performance of said contract by plaintiff wholly impossible; that by reason of said breach of contract by defendant plaintiff has lost the use and value of his time, and has suffered complete loss of all of the profits which would have accrued to the plaintiff under the terms of said contract for a period of not less than one year from the said 22nd day of June 1942; * * *."

Predicating the earnings for the last 51 weeks of the contract upon the experience of the one week worked by him under said contract plaintiff computes his profits under the contract for the year at $21,908.64. His suit is for that amount with interest at 6% from July 2, 1942, the day of the alleged breach.

The defendant by its amended answer admits the execution of the contract, but says that on the 2nd day of July, 1942, said "contract was, by mutual consent of plaintiff and defendant, cancelled; that in consideration of Thirty-seven Hundred Fifty ($3750.00) Dollars to plaintiff then in hand paid by the defendant, plaintiff released defendant from any claim growing out of said alleged contract, and from every other claim of every kind."

The plaintiff filed a replication to this answer wherein he set out the release signed by him. Such release was admittedly executed on July 2nd, 1942. At that time the defendant paid the plaintiff $3750. The release contained a recital by plaintiff: "That I, Randall L. Parks, for and in consideration of $3750. to me in hand paid by Interstate Account Service, Inc., * * do for myself, my heirs, executors, and administrators, remise, release and forever discharge Interstate Account Service, Inc. and its successors or assigns, of and from any and all manner of action and actions, cause or causes of action, suits, debts and sums of money, dues, claims and demands whatsoever, in law or in equity, which I ever had or now have against said company, by reason of any cause or thing whatever, whether the same be upon tort or upon contract."

The plaintiff further replying seeks to avoid the effect of said release by asserting that when same was signed "there was no real bona fide dispute between plaintiff and defendant as to the validity thereof or defendant's obligation to plaintiff thereunder; that under said contract plaintiff was entitled to continue his employment for the full period of one year, and to receive from defendant the sum of not less than $1250. per month; *and plaintiff pleads that the said payment of $3750. was only a partial payment of the sum due plaintiff from defendant's breach of said contract of employment, and was not, and is not, in law, legal consideration for the alleged release of defendant's liability to plaintiff under said contract.*"

It will be seen from the foregoing that the issue in the case as made by the pleadings was sharply defined. The evidence on

behalf of the plaintiff tended to show that the defendant on the 2nd of July 1942 breached its contract with the plaintiff and refused ·to proceed further and that this was done over the objection and protests of the plaintiff.

On the other hand evidence on behalf of the defendant was that the company's affairs were in such shape that retrenchment and economy in expenses became imperative and that the plaintiff as a member of the board of directors, being familiar with the conditions of the company and the necessity for economy in the further operation of the company, acquiesced. Evidence on behalf of the defendant further tended to show that the plaintiff was agreeable to a rescission of the contract and that by mutual agreement the contract was rescinded and abandoned and the sum of $3750 was paid plaintiff for the release executed by him.

1. On account of the legal question raised by plaintiff the foregoing excerpts from the pleadings have been set out in extenso.

■ Plaintiff relies on a principle always severely criticized but yet incorporated in the common law and applicable in states where the common law prevails. This would include the State of Illinois where the contract in question was entered into. The principle that the payment of a lesser sum cannot effect an accord and satisfaction of a claim or a demand for a larger sum had its origin in a dictum in a case in Lord Coke's time. The doctrine was then criticized by other judges who said that: " * * * it did not appear to them that, by any possibility, a part of a debt which is due and payable could be as beneficial to the creditor as, or more beneficial than, payment of the whole debt * * *." 1 C.J.S., Accord and Satisfaction, § 26, p. 496. Whatever the criticism that may have been directed against the principle, it has since become an established rule of law "recognized wherever the common law prevails, although in several jurisdictions it has been modified or abrogated by statute * * * and in a few states the courts have expressly repudiated it and decline to follow or apply it longer." 1 C.J.S., Accord and Satisfaction, § 26, p. 496. This is true in the states of Mississippi and New Hampshire.

The rule, while accepted, yet was condemned, and limited in Chicago, Milwaukee, & St. P. R. Co. v. Clark, 178 U.S. 353, loc. cit. 364, 365, 368 and 372, 20 S.Ct. 924, 44 L.Ed. 1099. In that opinion the court said (178 U.S. loc. cit. 364, 20 S.Ct. loc. cit. 928) : "But the proposition is that the release was given without consideration, and that Clark was entitled to recover so far as the items of $40,000 and $9,558.63 were concerned, *on the principle that where a liquidated sum is due, the payment of a less sum in satisfaction thereof, though accepted as satisfaction, is not binding as such for want of consideration.*" The court then said, referring to Cumber & Wane, 1 Strange, 426, "The rule therein laid down has been much questioned and qualified." And, 178 U.S. loc. cit. 365, 20 S.Ct. loc. cit. 928 the court continued: "The result of the modern cases is that the rule only applies when the larger sum is liquidated, and when there is no consideration whatever for the surrender or part of it; and while the general rule must be regarded as well settled, *it is considered so far with disfavor as to be confined strictly to cases within it.*" Thus it will be seen that the rule is a pariah among approved principles and a leper of the law. The rule in the Clark case, supra, has been uniformly followed by the courts.

In the Clark case, 178 U.S. loc. cit. 372, 20 S.Ct. loc. cit. 931 the court discussed the word "Liquidated" and stated that it was used in different senses "and as applicable here means made certain as to what and how much is due; made certain by agreement of parties or by operation of law." This definition accords with similar definitions given by other authorities.

The District Judge for the Northern District of Georgia in Re Cook, 298 F. 125, loc. cit. 126, followed the accepted definition when he said: " 'To liquidate a claim is to determine by agreement or litigation the precise amount of.' " Both Webster's International Dictionary and Bouvier's Law Dictionary so defined it. 25 Words and Phrases, Perm.Ed., p. 340, says that: "The word 'liquidated,' in the sense of the rule that payment of a lesser sum is a discharge of the remainder where the amount in dispute is unliquidated, but that it is not a discharge where it is liquidated, *means that the amount due has been ascertained and agreed on by the parties or fixed by operation of law. The rule does not apply where there is a bona fide dispute as to the amount actually due. A demand is not liquidated, even, if it appears that something is due, unless it appears how much is due;* and

when it is admitted that one of two specific sums is due, but there is a general dispute as to which is the proper amount, the demand is regarded as 'unliquidated' within the meaning of the term as applied to the subject of accord and satisfaction."

 In view of the pleadings and the evidence in the case it would be idle to say that the amount due plaintiff under the contract in question was a liquidated sum of money. In his complaint the amount sued for was computed on the basis of the experience of the only week the plaintiff performed under the contract. By the terms of the contract this identical experience, if continued over a specified time, would have entitled the defendant to terminate or modify the agreement. The contract did not provide that the plaintiff's compensation would be determined from the experience of the first week. It should be remembered that the suit is for damages for the breach of a contract.

It was held in Worley v. Smith, 26 Tex. Civ.App. 270, loc. cit. 272, 63 S.W. 903, that a claim for damages founded on a tort or breach of covenant is not a liquidated claim. According to all of the definitions the amount due plaintiff had not been ascertained and agreed upon nor of course was the amount determinable by operation of law. It would follow that, even accepting the evidence of the plaintiff as expressive of the true facts, the plaintiff would not be entitled to recover.

Wholly apart from the evidence of the plaintiff the pleadings themselves would preclude recovery.

 2. The evidence on behalf of the defendant showed that the contract of employment by a mutual acknowledgment of the parties was abrogated. A former officer of the company so testified. From his testimony it appeared that the mutual rescission of the contract was amicably worked out and that plaintiff accepted $3750 as an adjustment. This evidence was supported by the records and by mutual good will, as indicated by a strong letter of recommendation given to the plaintiff at his request after his retirement.

It is the law that: "Mutual releases or promises of release, of the respective obligations that each of two parties owes to the other, each release being the consideration for the other, are both supported by sufficient consideration." 53 C.J. § 20, p. 1206.

Upon the evidence as well as the pleadings it should be found that the plaintiff is not entitled to recover and that the issues should be found for the defendant.

I make the following Findings of Fact:

1. The plaintiff and defendant entered into a contract whereby the defendant employed the plaintiff for a period of one year beginning June 22, 1942.

2. The plaintiff entered upon the performance of his duties under said contract on June 22, 1942, and continued thereunder until July 2, 1942.

3. On July 2, 1942, the parties mutually and amicably rescinded and abrogated said contract. In addition to the mutual considerations for the release of the other from the terms of said contract the defendant paid plaintiff the sum of $3750 for a complete release and acquittance, whereupon the plaintiff signed the release mentioned in the pleadings and offered in evidence.

4. Even if the plaintiff had a claim for an alleged breach of contract, then the fact is that such claim was undetermined and unliquidated and the payment of $3750 was adequate to discharge the obligation to plaintiff.

5. However, I find that the contract between plaintiff and defendant was not breached by defendant but that same was abrogated and abandoned by mutual consent of each of the parties.

I state the following Conclusions of Law:

1. Plaintiff is not entitled to recover under the pleadings.

2. The plaintiff is not entitled to recover under the evidence.

3. Judgment should be entered for the defendant.