**Emma TURNER, Individually and as next friend, Appellant,**

v.

**The COUNTY OF MARION, Appellee.**

**No. 8467.**

Court of Civil Appeals of Texas, Texarkana.

March 29, 1977.

Rehearing Denied April 19, 1977.

Mary Bingham Edwards, Houston, for appellant.

Tony Hileman, Jefferson, for appellee.

CORNELIUS, Justice.

Appellant seeks to appeal from an order of the trial court denying her motion for summary judgment.

Appellant filed this suit seeking damages for the alleged wrongful death of her husband, Ernest Turner. The petition alleged that Mr. Turner was employed by Marion County as an operator of a dirt moving tractor or "front end loader," and that while engaged in the scope of his employment and due to the negligence of the county, he was killed when the vehicle overturned and crushed him. The appellee answered by general denial. After some admissions had been secured pursuant to Tex. R.Civ.P. 169, appellant filed a motion for summary judgment, alleging that appellee had raised no defense, that no material issue of fact existed and that she was entitled to judgment as a matter of law. Appellee resisted the motion on the ground that appellant's petition stated no cause of action, and then filed its own motion for summary judgment. The trial court denied both motions.

An order denying summary judgment is purely interlocutory and is not appealable unless the case comes within the narrow factual situation presented in *Tobin v. Garcia*,[1] 159 Tex. 58, 316 S.W.2d 396 (1958). See *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966); *Haynes v. Dunn*, 518 S.W.2d 880 (Tex.Civ.App. Waco 1975, no writ); *Hoover v. Barker*, 507 S.W.2d 299 (Tex.Civ.App. Austin 1974, writ ref'd n. r. e.); *Garver v. First National Bank of Canadian*, 406 S.W.2d 797 (Tex.Civ. App. Amarillo 1966, writ ref'd n. r. e.); *Archer v. Skelly Oil Company*, 314 S.W.2d 655 (Tex.Civ.App. Amarillo), writ ref'd n. r. e. per curiam, 159 Tex. 154, 317 S.W.2d 47 (1958); 4 McDonald's, Texas Civil Practice, Sec. 17.26.13, p. 183, and cases there cited; Annot., 15 A.L.R.3rd 927 (1967). Appellant recognizes the general rule but contends that her case is an exception because her claim is liquidated, and as both parties moved for summary judgment, the orders denying them had the effect of fully and finally disposing of all issues in the case.

We do not agree. Appellant's claim is not a liquidated demand. *Worley v. Smith*, 26 Tex.Civ.App. 270, 63 S.W. 903 (1901, no writ). Even if her claim could be considered liquidated, the order denying her motion for summary judgment did not finally dispose of all the issues in the case. When a court denies a motion for summary judgment, it inferentially finds that there are one or more material disputed issues of fact and holds the case for trial on the merits. *F. & T. Development Co. v. Morris*, 248 S.W.2d 233 (Tex.Civ.App. Fort Worth 1952, no writ). The party whose motion has been denied has not been harmed, even if he is correct in his position that there is no material issue of fact and he is entitled to judgment as a matter of law, because he will have his right of appeal should the case ultimately be decided against him in the trial court. *F. & T. Development Co. v. Morris*, supra.

Here the trial court did not dismiss the case or otherwise enter a final judgment. It merely denied both motions for summary judgment, leaving the case on the docket pending trial. Consequently, the order is interlocutory and not appealable.

The appeal is dismissed.

1. That is, where motions for summary judgment have been filed by all of the real parties at interest and the appeal is prosecuted from a judgment granting one or more of them.