

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00005-CV

_____

LYNDA KNIGHT, EXECUTOR OF THE ESTATE OF WILLIAM B. BOOTH, DECEASED, Appellant

V.

BEVERLY RUTHERFORD TUGGLE, EVAN WAYNE RUTHERFORD AND HIS HEIRS, SANDY JO LANKFORD RUTHERFORD AND JOHN S. RUTHERFORD III, AND DORIS R. BOOTH AND HER HEIRS, BEVERLY RUTHERFORD TUGGLE, EVAN WAYNE RUTHERFORD, AND JOHN S. RUTHERFORD III, Appellees

On Appeal from Probate Court No. 1
Tarrant County, Texas
Trial Court No. 2013-PR02380-1-B

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Lynda Knight, executor of the Estate of William B. Booth, attempts to appeal from the trial court's October 7, 2022 "Order Granting Beverly R. Tuggle's and John S. Rutherford, III's Traditional Motion for Summary Judgment" and the trial court's October 7, 2022 "Order Denying Lynda Knight's Traditional Motion for Summary Judgment."

We notified Knight of our concern that we lack jurisdiction over this appeal because there is no final judgment disposing of all parties. We warned Knight that we would dismiss the appeal for want of jurisdiction unless she or any party desiring to continue the appeal filed a response within ten days showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Although Knight filed a response, it does not show grounds for continuing the appeal.

Generally, appeals may be taken only from final judgments or interlocutory orders that are authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). A judgment or order is final if it disposes of every pending claim and party. *Id.* at 205. Probate proceedings are an exception to the one-final-judgment rule because they may involve multiple orders on discrete issues, each of which may be final for purposes of appeal. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g). However, not all interlocutory probate orders are appealable. *Id.* Where no statute expressly provides that a particular probate order is final and appealable, such an order is interlocutory and not subject to immediate appeal unless it disposes

of all parties or issues in a particular phase of the proceedings. *Id.* at 579; *Meritt v. Meritt Buffalo Events, LLC*, No. 02-22-00064-CV, 2022 WL 963844, at *1 (Tex. App.—Fort Worth Mar. 31, 2022, pet. denied) (mem. op.); *Estate of Harris*, No. 02-17-00265-CV, 2017 WL 4172585, at *1 (Tex. App.—Fort Worth Sept. 21, 2017, pet. denied) (per curiam) (mem. op.).

Knight has not identified any statute that expressly authorizes an appeal from the October 7, 2022 orders. Rather, she relies on the law that probate proceedings are an exception to the one-final-judgment rule and contends that this scenario is one in which the probate court's orders dispose "of all parties or issues in a particular phase of the proceedings." Knight argues that the denial of her traditional summary-judgment motion "is a flat out and final take-nothing judgment against Knight on all of her causes of action against all parties, and thus, it is appealable to this [c]ourt." This is simply not true. The denial of Knight's summary-judgment motion means that the trial court found a fact issue preventing summary judgment. *See Turner v. Marion Cnty.*, 549 S.W.2d 254, 255 (Tex. App.—Fort Worth 1977, writ dism'd) ("When a court denies a motion for summary judgment, it inferentially finds that there are one or more material disputed issues of fact and holds the case for trial on the merits."). Thus, notwithstanding the order granting Beverly and Johnny's motion for summary judgment—which ordered Knight to take nothing against them—Knight's claims against parties other than Beverly and Johnny remain pending.

Accordingly, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  September 14, 2023