# GEORGE GROPP

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. JURY—*mode of filling panel under act of* 1872. Where the circuit court caused the panel of petit jurors for a term to be filled by the sheriff, instead of the clerk drawing from the list selected by the county board a sufficient number to fill the panel, and having these summoned: *Held,* that this would have been good ground of challenge in a civil cause.

2. But in a criminal cause, the 178th section of the criminal code of 1845, not having been repealed, was regarded as authorizing the court to fill the panel by summoning a sufficient number as *talesmen instanter.*

3. SAME—*challenge to array—waiver of.* Where the panel of petit jurors is improperly filled, or the jurors improperly selected, the objection should be taken by challenge to the array, or by motion to quash the order for a *tales,* or it will be considered as waived. The objection can not be taken to the polls.

4. SAME—*statute construed.* The 178th section of the criminal code of 1845, which declares that "where the panel of jurors shall be exhausted by challenges or otherwise," it shall be competent for the court to order a *tales,* etc., does not necessarily import that there must previously have been a full jury. It applies to an exhaustion of the panel by non-appearance, as well as otherwise.

5. STATUTE—*repeal by implication.* Where the legislature, in the passage of an act relating to jurors, in express terms repealed three prior acts concerning the same subject, but in the repealing clause omitted to mention a statute on the subject relating to criminal cases, and the later act contained no general repeal of inconsistent acts or parts of acts: *Held,* that the repealing act did not repeal by implication the omitted statute relating to jurors in criminal cases.

6. JUROR—*challenge.* A juror, when called, stated that he had sat upon a jury in a court of record within one year before. A challenge for this cause was disallowed: *Held,* that while the cause of challenge was good under the act of 1859, yet it was not under the act of 1872, for the reason that it did not appear that the juror had sat upon a jury in a court of record in the *county* within one year.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. BURNETT & METCALF, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The defendant, George Gropp, was indicted for murder, and convicted of manslaughter, in the Madison circuit court, and sentenced to the penitentiary for the term of six years.

He brings the record here, and insists upon two supposed errors as grounds for a reversal of the judgment, both which respect his challenges of jurors.

The trial was had at the October term, 1872.

It appears that on the second Monday of the term, upon calling the twenty-four jurors who had been summoned for that week of the term by the sheriff, in obedience to the venire to him issued, only fifteen of them answered to their names, and the court excused five of these from serving, leaving only ten jurors. Whereupon the court ordered the sheriff to summon fourteen persons to fill the panel, which was accordingly done.

Upon the calling, as jurors in the cause, seven of the fourteen persons so summoned by the sheriff in obedience to such order of the court, the defendant, by his counsel, challenged them, on the ground of their having been in that manner summoned and put upon the panel of jurors, and that they had not been drawn from the list of jurors selected by the county court, which challenge was overruled by the court and the defendant excepted.

Under the "act concerning jurors," of April 10, 1872, which was in force at the time of this trial, the panel of jurors was irregularly filled. Instead of the court ordering the sheriff to summon a sufficient number to fill the panel, the clerk of the circuit court should have drawn from the box in the county clerk's office, containing the list of persons selected by the county board to serve as jurors, a sufficient

number of jurors to fill the panel, and have issued a summons to the sheriff commanding him to summon them; and they should have been the persons summoned by the sheriff.

Were this a civil cause, no doubt it would have been a good cause of challenge, that the panel of jurors was so constituted in violation of this act. But the question arises, whether the mode of filling a deficient panel of jurors prescribed by this act applies to criminal cases.

Section 178 of the Criminal Code, Scates' Comp. 406, provides that it shall not be necessary to issue a venire in any criminal case, and in all criminal cases where the panel of jurors shall be exhausted by challenges or otherwise, and whether any juror has been elected and sworn or not, it shall be competent for the court to order on their minutes a *tales* for any number of jurors not exceeding twenty-four, returnable *instanter*, out of which persons so ordered to be summoned it shall be lawful to empanel a jury for the trial of any criminal case.

That section stood and remained in force as a separate and independent provision in the criminal code at the same time with chapter 58 of the Revised Statutes of 1845, entitled "Jurors," which chapter, like the act in question of 1872, purported to regulate the mode of selecting and summoning jurors and supplying deficiencies in their panels. This act of 1872 in express terms repeals said chapter 58 of the Revised Statutes entitled "Jurors," as also two other amendatory acts relative to the same subject, but it does not purport to repeal section 178 of the criminal code, nor does it contain any general repeal of inconsistent acts, or parts of acts. This affords a strong implication that the legislature intended to leave this section of the criminal code in force, and applicable to trials in criminal cases. If there had been no express repeal of any law, there would have been ground of argument that there was a repeal by implication of this section, as being in a degree inconsistent with the newly enacted law. But when the legislature took pains to expressly repeal by their titles

three other acts pertaining to the same subject, it is reasonable to presume that they repealed all of the former enactments relating thereto which they intended should be repealed. As to what was repealed, the legislature declared. And in the enumeration of what was repealed, they make no mention of the section in question. Why was this, except for the reason that the legislature, for satisfactory reasons, thought it best that this provision should be retained? We must so regard it.

To hold, then, this section to be repealed by implication would seem to be to thwart the purpose of the legislature. Certain it is, that it is not expressly repealed, and not being prepared to say that it is repealed by implication, we must hold it to be still in force.

The provision in this section, so far as respects the trial of any criminal case, warranted the court in making up the panel of jurors in the manner it did. We perceive no error in the overruling of this challenge.

Larkin C. Kearon, one of the seven so called as jurors, replied, in answer to an inquiry made of him, that he had sat upon a jury in a court of record within one year; whereupon, for that reason, the defendant challenged the juror, but the court overruled the challenge, and the defendant excepted.

Under the act of February 11, 1859, entitled "An act to amend chapter 83 of the Revised Statutes entitled 'Practice,'" it was made a sufficient cause of challenge to any juror, that he had been sworn as a juror at any term of court held within a year prior to the time of such challenge. But the "act concerning jurors" of April 10, 1872, expressly repeals the said act of February 11, 1859, and enacts that it shall be a sufficient cause of challenge of a petit juror, if he is not one of the regular panel, that he has served as a juror on the trial of a cause in any court of record in the county within one year previous to the time of his being offered as a juror. It did not appear that this juror had sat upon a jury in a court of record in the *county* within one year. Therefore, no sufficient

cause of challenge in this respect was shown, and the court rightly overruled the challenge.

Finding no error in the record, the judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE THORNTON: I do not concur in the foregoing opinion.

Mr. JUSTICE BREESE: I do not concur in the opinion of the majority. The act of 1872 is in full .force as a system, and applicable as well to criminal as to civil cases. The intention of the act is that a regular panel should be made up and in attendance at each term of the circuit court for trying causes, whether civil or criminal, and to be made up as in that act prescribed.

Section 178 of the criminal code, provides that in a criminal case a *venire* shall not be necessary. This means simply, that when such a case is called for trial, and the regular panel from any cause is exhausted, no *venire* shall be necessary to supply the deficiency, but the same shall be supplied by an order of the court for *tales* men. It does not dispense with the necessity of a panel selected in the first instance according to the statute.

In this case it is very apparent there was no regular panel selected according to the statute, at the term of the court at which plaintiff in error was convicted. This appears from the record. The prisoner has not been convicted according to law, and the judgment should be reversed.

I have not time to go into an extended argument in this case, nor is it necessary. The statute of 1872, taken in connection with section 178 of the criminal code, is plain and unambiguous, and should have been observed.

The object in incorporating section 178 into the criminal code was to remedy the difficulty and delay incident to the ancient practice in criminal cases. By that practice, if a juror was wanted, it was necessary to issue a *venire* to the

sheriff. This necessarily delayed the cause until the sheriff made return of the writ. It was to remedy this the clause in question was inserted in the criminal code. It was never understood that a regular panel, selected according to law, could be dispensed with.

· On a petition for a rehearing, the following additional opinion was filed:

Per CURIAM: A petition has been presented for a rehearing in this case. No question is made that the 178th section of the criminal code is not repealed; but the whole stress of the argument on the application is on the single point that, conceding the section not to be repealed, yet a full jury must have been made up at the commencement of the term in accordance with the provisions of the jury act of 1872, and a deficiency must have occurred in the panel after having been so filled up, before section 178 of the criminal code would apply, and the court thereunder could have ordered a *tales*.

And this is rested on the language of the section that "where the panel of jurors shall be exhausted by challenges or otherwise," it shall be competent for the court to order a *tales*, etc., it being contended that the language presupposes that a full jury had before been made up. Suppose this cause had been ready for trial in the court below on the first day of the term; under the construction of this section, as claimed by counsel, there must have been a delay of the trial until the clerk could have repaired to the office of the county clerk, and have drawn from the jury box the names of fourteen jurors to fill the places of the regularly summoned jurors who had not appeared and had been excused, and have issued a *venire* to the sheriff to summon them, and until the sheriff had executed the *venire*, and the jurors had come in obedience thereto. Whereas, according to the construction we are disposed to place upon the language of the section, the court might have ordered a *tales* of a sufficient number to fill up the jury, and have proceeded at once to the trial of the case. The

construction contended for would make a *venire* necessary, when the section declares that it shall not be necessary to issue a *venire* in any criminal case.

We think it within the fair meaning of the language quoted, that when the panel is not full for any reason, the court may, in a criminal case, order a *tales* to fill it up. The words "where the panel of jurors shall be exhausted by challenges or otherwise," do not necessarily import that there must have previously been a full jury. A panel of jurors may be exhausted by non-appearance as well as otherwise. Legal writers so speak of it, as in 1 Chit. Crim. Law, 517a, a panel is spoken of as "exhausted by non-appearance." The "panel of jurors" does not necessarily mean the full jury as made up at the commencement of the term. It may mean the principal panel returned by the sheriff with the *venire* issued previously to the term. We think the language of this section may be held to embrace the case where the principal panel of jurors returned by the sheriff is exhausted in whole or in part by non-appearance of the jurors summoned by him.

An additional reason which might be urged in support of the ruling of the circuit court is, that even if the *tales* had been improperly ordered, the challenge should have been taken to the array of the *tales,* and not to the polls, as it was in this case. It is laid down in the case of *Stone* v. *The People,* 1 Scam. 326, that objections to the mode of summoning a petit jury should be taken by a challenge of the array, or by motion to quash the order for a *tales.* All that the record shows in this respect is, that at the coming on of the trial these seven who were challenged were called as jurors in the case, and they were challenged because of the mode in which they had been summoned. For aught that appears others might already have been accepted and sworn on the jury— no exception was taken at any time to the whole fourteen, on account of the manner of summoning them. The objection was as to the seven particular jurors—it was one to the polls.

Had the objection been a valid one, we think it should have been taken to the array of the *tales* before any individual jurors had been selected and called as jurors in the case; and it not having been done, we think objection to the mode of summoning the jurors was waived.

If the challenge to the array be found against the party, he shall have his challenge to the polls; but neither party shall take a challenge to the polls which he might have had to the array. 5 Bac. Abr. 345, title "Juries," (E.)

The application for a rehearing must be denied.