The judgment must be affirmed.

*Judgment affirmed.*

## St. Louis and Southeastern Railway Company

*v.*

## George Casner.

1. JURORS—*right to challenge array waived by swearing a jury.* After a jury for the trial of a cause has been called, impanneled and sworn from the regular list of jurors in attendance, a challenge to the array comes too late. It is waived by the previous calling and swearing of the jury.

2. EVIDENCE—*what facts a jury may infer from facts proved.* Where the evidence in a suit against a railroad company for killing stock showed that the stock was not killed within a corporation nor near a crossing, the jury might infer that it was not killed within the limits of a town, city or village.

3. Evidence that a cow was found killed within a mile and a quarter of the plaintiff's house is sufficient proof that she was killed within five miles of a settlement; and evidence that a colt which was killed was kept up, and only ran out to water, is sufficient from which a jury might infer that it was killed within five miles of a settlement.

4. In a suit against a railroad company for killing stock, where the evidence is that the road was not fenced at the place where the stock was killed, it is but a fair inference that the stock got upon the road at the place where it was killed.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. J. M. HAMILL, for the appellant.

Messrs. CREWS & HAYNES, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action, brought against the railway company, to recover damages, under the statute (Laws 1855, p. 173), for the killing of stock, the road of the company not being fenced. There was a recovery by the plaintiff below, and the defendant appealed.

The first error assigned is the overruling of appellant's challenge to the array of jurors. The jury for the trial of the cause had been "called, impanneled and sworn from the regular list of jurors in attendance" before the challenge was made. The challenge to the array came too late. It was waived by the previous calling and swearing of the jury for the trial of the cause. *Gropp* v. *The People*, 67 Ill. 154.

It is next assigned for error, that the verdict is not sustained by the evidence.

It is said, the proof does not negative that the animals were killed at any of the excepted places named in the statute, viz: within the limits of any town, city or village, or at a place at a greater distance than five miles from any settlement. It was in evidence that they were not killed within a corporation nor near a crossing. As towns, cities and villages, with us, are usually incorporated, the jury might infer, from such evidence as the above, that the animals were not killed within the limits of a town, city or village.

As the cow was found killed about a mile and a quarter from plaintiff's house, that would be evidence that she was killed within five miles of a settlement. As there was evidence that the colt was kept up, and only ran out to water, the jury might infer from that, the same as with respect to the cow, that it was killed within five miles of a settlement.

It is said, the evidence is all in reference to the place where the animals were found dead by the side of the track, and that it is not the place where the animals are killed that fixes the liability of the company for not fencing, but the place where they got upon the railway track; but the evidence was that the road was not fenced where the stock was killed, and, in the

absence of any other proof, it would be but a fair inference that the stock got upon the road at the place where it was killed.

In regard to the colt, it is said there was no evidence that it was killed on appellant's road.

There was direct evidence that the cow was killed on appellant's road; both animals were killed at about the same time, and, although there was no direct evidence on what road the colt was killed, it might fairly be inferred, from all the evidence in the case, that both the animals were killed on the same railroad.

It is said there is no evidence in the record that appellee was the owner of the animals. There is no direct evidence to that point, but there is evidence tending to show, and from which it might be inferred, that the animals belonged to the plaintiff, as, for instance, the plaintiff's testimony as to how they were kept, in reference to being turned out or not, and his not wanting to sell the colt.

There would seem to be no other color of support for appellant's objections, than that there was a lack of direct evidence of the facts alleged; but a fact may be proved not only by direct evidence, but by circumstances from which a jury can reasonably infer it.

We can not say there is such a want of testimony to sustain the verdict, that the judgment should be reversed.

The judgment is affirmed.

*Judgment affirmed.*