[ Filed June 10, 1890.]

## A. E. EATON, Respondent, *v.* THE OREGON RAILWAY & NAVIGATION CO., Appellant.

Action for Killing Stock on Unfenced Road—Place of Entry Need Not be Alleged.—Under the statute for killing or injuring live stock on an unfenced track, it is not necessary to allege the point at which the animals entered upon the track of the railroad.

Place of Entry—When Proof of Unnecessary.—Nor is proof of entry material except where stock is killed at a place where the company is not bound to fence, as a public highway, which has entered where its track was unfenced, and the duty to fence existed, and such killing is the direct consequence of the neglect to fence.

Unfenced Road—What is Sufficient Proof of Negligence.—When it is alleged and proved that the company failed to fence, and that the plaintiff's stock was killed or injured upon or near such unfenced track by a moving train, the negligence is established and can only be defeated by proof of contributory negligence or misconduct.

Appeal from Union county: Jas. A. Fee, judge.

This is an action to recover damages, and the complaint contains six counts, five of which are to recover damages for killing and injuring stock belonging to the plaintiff by moving trains of the defendant railroad company, and the last for the destruction by fire of grass, etc., and to which further reference will not be made, as no error is suggested. The trial resulted in a verdict and judgment for the plaintiff, from which the defendant has brought this appeal.

*W. W. Cotton* and *Gilbert & Snow*, for Appellant.

*R. Eakin* and *T. H. Crawford*, for Respondent.

Lord, J., delivered the opinion of the court.

The first objection is directed to the refusal of the court to give certain instructions asked by the defendant and designed to raise the question as to the liability of the company for live stock killed by its moving trains where such stock stray upon the track at some point where the company is not required to fence by the statute, but to which instructions it is certified to us in the bill of exceptions that they were refused by the court for the reason that there was no evidence tending to show where the animals entered upon the track. The object of the first

of such instructions refused was to question the sufficiency
of the following allegation: "That the track and grounds
of the defendant at the point where said animals were so
killed and destroyed were not fenced by the defendant
as required by law." This objection is made on the
hypothesis that the point of entry on the track must be
distinctly alleged, otherwise the allegation is defective.
Without conceding it, but for the purposes of the argu-
ment only, it may be admitted that the allegation is
defective in the particular claimed, and that if subjected
to the test of a demurrer would be held to be insufficient,
and yet we think if the defect claimed be a defect, it was
cured by the verdict. The allegation is that the stock was
killed at a point on the defendant's road where it was
required by law to fence its track, but it does not allege
that the track was not fenced at the point where the stock
entered upon the track. If the stock was killed at a place
along the line of the railroad track where it was not
fenced, but where the company was required to fence, as
alleged, it is plain that the stock were not killed by an
injury originating on a public highway or other place
where the company was not required to fence by law. As
the averment is that the track was not fenced where the
stock was killed, and the duty to fence was imposed by
law, this language may mean there was no fence anywhere
along the track, or that the track was fenced, except
where the stock was killed, and in either case the impli-
cation is that the track was not fenced where the stock
entered upon the track. In such cases, it is fair to assume,
after verdict and in support of the judgment, that the
omitted fact was proven. But in actions of this character,
predicated upon an omission to fence, if the stock is killed
at a place where the company is obliged to fence but has
failed to do it, the jury is justified in presuming that such
stock entered upon the track at that place. Mr. Wood
says: "When cattle are injured or killed at a place where
the company has failed to fence, or to maintain a sufficient
fence, the jury is justified in presuming that they entered

upon the track at that place." 3 Wood on Railroads, § 422, p. 1566. So that if the evidence is that the road was not fenced at the place where the stock was killed, but where the law imposed the duty to fence, the presumption is that the stock got upon the track at the place where it was killed.

In *Railroad Co.* v. *Casner*, 72 Ill. 384, it was held that an action against a railroad company, where the evidence is that the road was not fenced at the place where the stock was killed, it is but a fair inference that the stock got upon the road at the place where it was killed. When, therefore, the want of a fence where the duty to fence is shown, and the killing of the stock is proven, the presumption is, and the jury are authorized to find, that the stock entered upon the track at that place. So that, after verdict, and in support of the judgment, especially when the court certifies there was no evidence showing where the stock entered upon the track, the defect in the allegation is cured by the inference that they entered upon the track where they were killed, and that the jury so inferred by their verdict. In the case of *Railroad Co.* v. *Casner, supra,* the claim was, that the evidence did not show the place where the stock got upon the track, but the court said: "But the evidence was that the road was not fenced where the stock was killed, and, in the absence of any other proof, it would be but a fair inference that the stock got upon the road at the place where it was killed." It does not seem to me the objection is tenable in any view. But I do not understand the statute requires that the point of entry be alleged. Section 4048 provides that in every action to recover the value of live stock mentioned in section 4044—that is, killed on an unfenced track—"so killed, * * * proof of such killing or injury shall of itself be deemed and held to be conclusive evidence in any court of this State of negligence." So that when it is alleged and proved that the defendant company failed to fence, or its track was unfenced, and that the plaintiff's stock was killed or injured upon or near the track by a moving

train, the negligence is established, and can only be defeated by proof of contributory negligence or misconduct on the part of the plaintiff.

In *Hindman* v. *Railroad Co.*, 17 Or. 619, THAYER, C. J in construing these identical provisions, said: "Under these provisions, it would seem that a plaintiff is entitled to recover against a railroad company for the killing or injury of his stock by alleging and proving that the company owned or operated the railroad; that its track was unfenced, and that the plaintiff's cattle or horses were killed or injured, as the case might be, on or near the track by a moving train, engine or cars upon said track; that the company will be allowed to defeat the recovery by proof of contributory negligence, etc. It would seem to be plain from the statute, and the construction given to it in *Hindman* v. *Railroad Co.*, *supra*, that it is not necessary to allege or prove the point of entry or that proof of entry is material except when the stock is killed where the company is not bound to fence, as a public highway, which has entered where its track is unfenced, and the duty to fence was imposed, and such is the direct consequence of the neglect to fence. In such a case, the killing or injury, although it took place on a highway, owes its inception to the neglect or omission of the company to fence its track, and is the direct and proximate result of it; and, in legal contempla- tion, the place of the injury is inseparably connected with the cause of the injury, which is the ground of the action and within the statute. In cases of this sort, in order to show that the killing of the stock was within the operation of the statute, although it occurred at a place outside of it, the plaintiff would be required to show that the stock entered the track where the law required the company to fence, but where it had omitted to do it, and that the killing was the direct and proximate result of it. While, therefore, the allegation might be better stated, it is not subject to the objection urged.

The other instruction refused and excepted to was intended, as the argument indicates, to throw upon the

plaintiff the burden of showing the point at which the stock entered upon the track, the claim being that the evidence showed that some of the animals killed were killed upon the track at a point where the public highway crosses the railroad track. The view already expressed will relieve us of the duty to say more in respect to the point of entry, except to add that in our judgment the evidence does not show that the cattle were killed or strayed upon the track at a public crossing. It shows that the animals were killed at points where the law required the company, but where it had failed, to fence, although some of them were killed near the crossing, and in such case it is not necessary for the plaintiff to prove where the entry on the track occurred, for these facts, under the statute, constitute negligence. Nor as disclosed by the facts upon the record do we think the court erred in refusing the other instruction upon the ground indicated. As to the constitutional objection raised to the act, it is sufficient to refer to *Sullivan* v. *Railroad Co.*, which is adverse to the contention set up.

It follows that the judgment must be affirmed.