B. F. EDEN v. D. M. OSBORNE & CO. ET AL.

Delivered September 26, 1896.

**Plea in Abatement Not Filed in Due Order—Withdrawal of Pleadings— Judicial Discretion.**

Where defendant, four years after filing pleas to the merits, obtained leave of court to withdraw them and file a plea in abatement, setting up that the amount involved was beneath the court's discretion, the granting of such leave was an abuse of the court's jurisdiction, it being then too late for plaintiff to commence a new action and no sufficient excuse having been shown by defendant for his delay in the matter.

APPEAL from the County Court of Tarrant. Tried below before Hon. GEO. W. ARMSTRONG.

*J. B. Lewright*, for appellant.—1. The County Court erred in granting to the defendants, as a matter of course, and not after proof heard, leave to withdraw all their former pleadings herein, and to file in place thereof their amended original plea to the jurisdiction and pleas to the merits.

2. Under the circumstances of this case then existing, defendants were not entitled, as of right, to withdraw all their former pleadings herein, or to file in place thereof an amended original plea to the jurisdiction and pleas to the merits. Their motion to that effect should have been granted, if at all, only upon due proof made of the facts therein averred.

*Ross & Chapman, B. P. Ayers* and *B. J. Houston*, for appellee.— The court committed no error in allowing defendants upon verified mo-

tion to withdraw all their former pleas for the purpose of pleading in due order. The action of the court upon pleas of this character is largely a matter of discretion, and will not be disturbed when it is apparent that no injury has been done the complaining party.

STEPHENS, ASSOCIATE JUSTICE.—This suit arose in the County Court in the year 1891, being an action against the constable and the plaintiff in execution for the value of several bales of hay claimed to have been exempt property.

The value of the hay was alleged in an amount exceeding $200, and on the first trial, after an answer to the merits, a plea in abatement to the jurisdiction was interposed and sustained; but because it had not been filed in the due order of pleading, that judgment on appeal to this court was reversed and the cause remanded. 29 S. W. Rep., 414.

Thereafter, October 17, 1895, the defendants below were permitted, on motion to that effect, over the objections of the plaintiff, to withdraw all previous pleadings, including answers to the merits filed after the reversal by this court, and to replead so as to present their plea in abatement in its due order. The plea in abatement so interposed was again sustained, and the suit dismissed for want of jurisdiction; and the appeal from that judgment is now before us for decision.

That it is ordinarily within the discretion of the court to permit an answer to be withdrawn for the purpose of filing a plea in abatement is well settled; but we feel constrained to hold that that discretion was not properly exercised in this instance. Such plea is dilatory in its nature, and for that reason must be promptly presented, and in its due order. No sufficient excuse was shown in the motion for not obtaining leave and presenting this plea in its due order several years before this motion was made.

To wait more than four years, until after the cause of action would be barred by limitation, if presented in the court of appropriate jurisdiction, the real amount being beneath the County Court jurisdiction, and then seek to correct an error of pleading on the part of defendants when it was too late for the plaintiff to have a trial on the merits, would be manifestly unjust to the plaintiff. As the plea to the merits was a waiver of the plea to the jurisdiction filed out of its order, plaintiff had a right to rely upon that as a complete answer to the plea; and in order to avail themselves of the court's discretionary power in relieving them of the effect of such waiver, defendants should have applied to the court at a time when that discretion might have been exercised without prejudice to the plaintiff. To hold otherwise would place it within the discretion of the court, in relieving against the errors and laches of one party, to deprive the other of the right to be heard anywhere upon the merits of his cause of action.

The judgment will therefore be reversed and the cause remanded for a trial upon the merits.

*Reversed and remanded.*