Argued January 22, decided February 11, 1908.

## MEIER *v.* NORTHERN PACIFIC RY. CO.

[93 Pac. 691.]

RAILROADS—KILLING STOCK—FENCES—PONDS.

1. Section 4342, B. & C. Comp., subd. 7, provides that all ponds or other natural obstructions, "if equally secure against the trespass of any domestic animals, or made so by artificial means," shall be deemed lawful fences, and Section 5140, requiring railroads to fence their tracks, declares that complete natural defenses against the entrance of stock on the track, such as natural walls or deep ditches, shall be deemed a fence under the act. *Held*, that where a railroad's right of way crossed a pond 3½ feet deep, through which plaintiff's horse escaped onto the right of way and was killed, whether such pond was to be deemed a lawful fence was for the jury.

SAME—FAILURE TO FENCE TRACK—PLACE OF ENTRY.

2. In an action under Sections 5139-5144, B. & C. Comp., making railroad companies liable for killing or injuring livestock on an unfenced track, it is not necessary to allege or prove entry on the track at a particular place, except where the stock is killed at a point where the railroad company is not required to fence.

SAME—EVIDENCE—NEGLIGENCE.

3. When it was alleged and proved that a railroad company failed to fence its track, and that plaintiff's stock was killed or injured on or near such unfenced track by a moving train, the railroad's negligence was established, and a recovery could be defeated only by proof of contributory negligence.

SAME—IMMEDIATE CAUSE OF INJURY.

4. Where plaintiff's horse strayed on defendant's unfenced railroad track, it was immaterial to defendant's liability whether the horse was struck by a train and thrown onto a fence and injured, or whether he was so frightened that he jumped on the fence in an effort to escape from the train.

EVIDENCE—CIRCUMSTANTIAL EVIDENCE—WEIGHT.

5. Where a fact is sought to be established by circumstantial evidence, it is only necessary that the conclusion desired be the more probable hypothesis, not that it should be the only conclusion that can fairly and reasonably be drawn from the evidence.

RAILROADS—INJURIES TO ANIMALS—UNFENCED TRACK—EVIDENCE.

6. Circumstantial evidence *held* sufficient to support a finding that plaintiff's horse was on the right of way of defendant railroad company, and was either struck and thrown on a fence by a moving train or was so frightened in his effort to get away that he jumped upon the fence and was killed.

TRIAL—NECESSARY PROOF—FACTS ADMITTED.

7. Where, in an action against a railroad company for killing plaintiff's horse, alleged to have escaped through an unfenced right of way, it was stipulated at the trial that defendant owned and operated the railway at all times mentioned in the complaint, plaintiff was not required to prove that the train which caused the injury belonged to defendant or was operated by it.

SAME—NONSUIT—MOTION—GROUNDS.

8. A motion for a nonsuit must specify the grounds on which it is demanded.

APPEAL—REVIEW—MOTION FOR NONSUIT—GROUNDS.

9. Where a motion for a nonsuit specified the particulars wherein plaintiff's evidence was claimed to be insufficient, the Supreme Court would not consider other and additional assignments of insufficiency on appeal.

From Columbia: THOMAS A. MCBRIDE, Judge.

Statement by MR. COMMISSIONER SLATER.

Defendant has appealed from a judgment given against it for damages caused by its alleged negligence in failing to fence its track, which it is alleged resulted in the killing of plaintiff's horse upon or near defendant's right of way, by being struck or frightened by one of its moving trains, so that the horse was thrown or jumped upon a fence, a piece of which penetrated its body. The answer is a general denial of the averments of the complaint.

At the conclusion of plaintiff's case defendant moved for a nonsuit on the ground that there was no evidence tending to establish three material facts particularly specified in the motion. It is therein asserted that the evidence fails to show, (1) that the portion of the right of way claimed to have been unfenced, was unfenced; (2) that the horse got upon the track at the place claimed and (3) that there was no evidence that the train of defendant either threw the horse or frightened it, causing it to jump upon the fence, as charged in the complaint. The motion being overruled, defendant offered its testimony, and at the close moved for a directed verdict in its favor upon substantially the same grounds as stated in its motion for a nonsuit. This motion

being also overruled, the cause was submitted to the jury, which returned a verdict in plaintiff's favor, upon which the judgment was entered.   The only error relied upon is the overruling of these motions.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Omar C. Spencer.*

For respondent there was a brief and an oral argument by *Mr. William R. Dillard.*

Opinion by MR. COMMISSIONER SLATER.

1. Defendant's road runs through plaintiff's farm, which is partly lowland, subject to overflow.   At a point where the right of way crosses the farm there is a depression or slough across which a fill from twenty-five to thirty feet high, measured on the slope, has been made, and extending a distance of about one hundred feet, and causing a pond of water to accumulate there, in the wet season, on the east side of the track, which, at the time of the accident, was about three and one half feet deep, according to plaintiff's testimony.   This is where it is claimed the track is unfenced, and where plaintiff's horses went upon the track.   Plaintiff testifies that there is no fence there, and that it is thirty-two feet across this pond from a ridge on his premises to defendant's embankment, and that at that point the water was then three and one half feet deep.   It is admitted by defendant that there is no fence along its right of way across this pond; but it claims that the pond is of sufficient depth to form a natural barrier, and therefore, under the statute, to be equivalent to a lawful fence, and he asked the court to so declare as a matter of law.   But it is not any pond that is to be deemed a lawful fence, but only if it be "equally secure against the trespass of any domestic animals, or shall be made so by artificial means": B. & C. Comp. § 4342, subd. 7.  That is a question of fact for the jury to determine and

not the court, and there being some evidence that stock did cross the pond to the embankment, the question was properly submitted to the jury. Nor could the court say as a matter of law, that such ponds are "complete natural defenses against the entrance of such stock upon said track, such as natural walls or deep ditches," as provided in Section 5140, B. & C. Comp.

2. It is next asserted that there is no evidence that the horse went upon the track at the place claimed. There is, perhaps, no direct evidence to that effect. Some horses did enter at that place, for the plaintiff and his witnesses testify that the next morning after the accident they examined the embankment at that place and found horse tracks going obliquely up the embankment to the railroad track, and that they traced them down the track to the broken place in the fence where they went out. But in an action on the statute for killing or injuring live stock on an unfenced track, it is not necessary to allege or offer proof of entry at a particular place, except where stock is killed at a place where the company is not bound to fence, as a public highway.

3. When it is alleged and proved that the company failed to fence, and that the plaintiff's stock was killed or injured upon or near such unfenced track by a moving train, the negligence is established, and can be defeated only by proof of contributory negligence: *Eaton* v. *O. R. & N. Ry. Co.* 19 Or. 371 (24 Pac. 413).

4. Finally it is urged that there is no evidence tending to prove that a train of defendant either threw the horse or frightened it, causing it to jump upon the fence. Here again plaintiff relies at least in part upon circumstantial evidence. Plaintiff swears that he owned three work horses, the one in question being a bay horse 7 years old; that the day before the accident his horses were in his field on a ridge not far from defendant's right of way, and close to the unfenced portion. On the afternoon of June 23, 1904, defendant's section foreman

(Butler) observed a horse badly injured, but standing in plaintiff's field near the right of way, and opposite to it was a broken place in the fence. Butler paid no further attention to the horse, but a stranger that evening informed plaintiff's tenants of the injury to the horse. They in turn notified plaintiff by telephone that his horse had been badly injured. On the morning of the following day plaintiff went from Portland to his farm, and thence proceeded to the place where the injured horse was discovered. On the way there he met Butler on the track, who turned and went with plaintiff to the place of the injury. In the meantime the horse had died, and had been buried by plaintiff's tenants about fifty feet from the right of way. Plaintiff found there a pointed fragment of a board about four feet long, two feet of which was covered with blood, and which it was said pierced the horse, causing its death. Plaintiff swears that in Butler's presence he fitted this piece of board into the fence from where it had apparently been broken. Then he and Butler examined the roadway and found tracks of horses leading to the broken place along the track from the direction of the unfenced portion of the right of way, and the appearance of the tracks indicated that the horses had been running, as plaintiff could see where they had dug up and thrown gravel with their hoofs. They traced these tracks back and down to the unfenced portion of the right of way, a distance covered by about 600 ties. F. H. Adams also testified in plaintiff's behalf that on or about June 23d, he was passing down the county road on the west side of defendant's track where this embankment is, and that he was about 40 rods from the track; that at that time he saw a bay horse, which he took to be plaintiff's, feeding along the track about three or four rods up the track from the unfenced portion; that when he saw the horse, a freight train came around the curve, and as it approached the horse it became frightened and

ran along the track ahead of the engine; that at his right there was a bunch of brush which obstructed his continued view so that when the horse passed out of his view behind the brush he could not tell whether the train knocked it off or it jumped off, or on which side of the track it went off, but he knew that when the train came in sight again there was no horse ahead of the engine.   Are these facts sufficient to make a *prima facie* case that the injury to the horse was caused by the train either striking and throwing it upon the fence, or so frightening it that it jumped upon the fence in its effort to get away? If either inference can be reasonably and fairly drawn from the proved facts, it will be sufficient, for it has been held by this court in *Meeker* v. *N. P. R. R. Co.* 21 Or. 513 (28 Pac. 639: 14 L. R. A. 841: 28 Am. St. Rep. 758), that under the latter circumstance defendant is liable as well as under the former.

5. A fact can be said to be established by circumstantial evidence in a civil action, when the facts relied upon are of such a nature and are so related to each other that the conclusion sought to be established can fairly and reasonably be drawn from them: 1 Wigmore, Ev. § 38; *Schoepper* v. *Hancock Chemical Co.* 113 Mich. 582 (71 N. W. 1081). In 1 Greenleaf, Ev. (15 ed.) § 13a, the noted author says:   "In civil cases it is sufficient if the evidence on the whole agrees with and supports the hypothesis which it is adduced to prove, but in criminal cases it must exclude every other hypothesis but that of the guilt of the party."· It may be that, where more than one inference can thus be drawn from the circumstantial facts in evidence, one favorable and another unfavorable to the conclusion sought to be established, the one favorable must be the more probable hypothesis in order to be of service to one having the burden of proof.   But we do not think the rule is that it should be the only conclusion that can fairly and reasonably be drawn from such evidence, as

stated in *Asbach* v. *Chicago, B. & Q. Ry. Co.* 74 Iowa 248 (37 S. W. 182), cited by defendant.

6. There can be no doubt, however, that the circumstances here stated are sufficient to support plaintiff's contention that the horse was on the right of way, and was either struck and thrown upon the fence by a moving train, or was so frightened in its effort to get away, that it jumped upon the fence and was thereby killed.

7. It is argued by defendant in this connection that it is not shown that the train which caused the injury belonged to defendant or was operated by it; but it was stipulated by the parties at the trial, that the defendant owned and operated the railway mentioned in the complaint at all the times therein stated, and this is conclusive of that contention.

8. Some other contentions were also made at the argument, such as that it was not there shown that plaintiff had ever lost a horse or that the horse injured and killed was, in fact, plaintiff's horse, but these matters seem not to have been questioned by defendant at the trial, but were impliedly admitted. At least it did not question them in its motion for a nonsuit, which is specific as to what the deficiencies in plaintiff's evidence were on which it relied to support the motion.

9. The rule is well settled that the motion of an adverse party for a nonsuit must specify the grounds therefor, and, unless it does so, an appellate court will not review the action of the trial court in denying the motion, and when it appears that the question sought to be reviewed was not thus submitted to such court, the presumption that its decision is correct ought to prevail: *Ferguson* v. *Ingle,* 38 Or. 43 (62 Pac. 760). None of these additional matters are suggested by defendant's motion, and they will not therefore be considered.

From these considerations it follows that the judgment should be affirmed.                    AFFIRMED.