## CLAMP v. NOLAN et al.   (No. 7821.)

Court of Civil Appeals of Texas.  San Antonio.
Oct. 19, 1927.

Rehearing Denied Dec. 5, 1927.

1. Partnership ☞108—Suit between partners concerning unsettled aspect of partnership affairs may not be maintained without previous accounting.

A suit between partners involving any unsettled aspect of partnership affairs may not be maintained without a previous accounting of those affairs.

2. Partnership ☞108—Partner advancing money to another partner to pay for share of partnership cattle and taking notes therefor could maintain suit on notes without previous accounting.

Where one partner advanced money to another partner by supplying the funds used in the purchase of partnership cattle and the partner so supplying funds took from the other partner notes to the value of such sums advanced for the purchase, the note transaction was so distinct from partnership affairs that the lending partner could maintain a suit on notes against the borrowing partner without a previous accounting.

Appeal from District Court, Kinney County; Joseph Jones, Judge.

Suit by Jim Clamp against Jim T. Nolan and another.  Judgment for defendants, and plaintiff appeals.  Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 8, 1928.

James Cornell, of San Angelo, L. J. Wardlaw, of Fort Worth, and Will A. Morriss, of San Antonio, for appellant.

Victor Keller, of San Antonio, and Belcher & Montague, of Del Rio, for appellees.

SMITH, J. In October, 1920, Jim Clamp, Jim T. Nolan, and another entered into a partnership "for the purpose of purchasing and handling certain cattle." Some time during the first year the partnership purchased about 1500 head of cattle, in two bunches, with funds supplied exclusively by Clamp, for himself and his associates, whereupon Nolan executed and delivered to Clamp his two promissory notes as payment to Clamp of his proportionate share of the cost of the cattle. These notes were for the principal sums of $18,865.92 and $9,250.86, respectively. Subsequently, in August, 1923, the partnership was dissolved, but no final accounting or settlement of its affairs has ever been had between its members. Nolan defaulted in the payment of the notes he had given Clamp, who brought this suit against Nolan to recover the amount of the notes.

The trial court held, upon presentation of appropriate pleadings by Nolan, that the suit upon the notes cannot be properly maintained until a final accounting of the partnership affairs is had, and in the absence of such accounting entered an order abating the suit. The correctness of this holding is the only question presented in the appeal.

[1] It is the settled general rule, and so conceded by the parties, that a suit between partners, involving partnership affairs, may not be maintained without a previous accounting of those affairs. The rule is subject to a number of established and conceded exceptions, or modifications, among them being actions upon contracts which are separate and distinct from partnership dealings. With this exception in mind, the statement of the general rule may be extended, or narrowed, rather, to include all controversies between partners concerning any unsettled aspect of the partnership affairs. The inquiry here may be further narrowed to the question of whether the execution, delivery, and acceptance of the notes in suit had the effect of divorcing the transaction from the partnership relation and constituting it an independent contract between the two partners, to be enforced without reference to the continuing joint venture.

There follows, naturally, the question, better stated as a proposition, that when in the course of the partnership dealings Clamp advanced money to Nolan and took the latter's individual, voluntary, and express obligation therefor, the transaction became distinct and segregable, and by their conduct the parties thereto, by express agreement, separated it from the partnership affairs, and, removing it from the partnership relation, made it a purely private transaction; as to that segregated transaction the partnership relation was dissolved, and became merged into the relation of debtor and creditor.

The funds advanced by Clamp to Nolan, and for which the notes now in suit were given, were expended in the purchase of cattle, which thereupon became partnership assets. Whether these assets were afterwards providently or improvidently managed and disposed of; whether they were partially or completely lost to the firm, or brought great or small profits to it—is immaterial as bearing upon Nolan's liability to Clamp upon his notes, and Clamp was entitled to full payment of those notes in any event, since by the express agreement of the parties those obligations had been crystalized into liquidated demands. If a final accounting of the partnership business will show a balance in favor of Nolan, and against Clamp, that fact would not constitute a defense to Clamp's suit upon the liquidated demand, but may be utilized by Nolan only as an offset or counterclaim to Clamp's demand, to be set up in a separate suit for an accounting and settlement, or, perhaps, by cross-action interposed in the suit upon Clamp's demand. For, as stated in Cyc.:

"When by express agreement partners separate a distinct matter from the partnership dealings, and one expressly agrees to pay the other a specified sum for that matter, assumpsit will lie on the agreement although the matter arose from the partnership dealings." George's Part. p. 317 et seq.; Rowley's Mod. Law Part. § 399; Bates' Part. §§ 874 to 879; Parsons' Part. (4th Ed.) §§ 186, 190; 20 R. C. L. pp. 925, 932, §§ 140, 150; 30 Cyc. p. 469, par. i; Ewing v. Schultz (Tex. Civ. App.) 220 S. W. 625.

Appellees rely upon a line of authorities of which the case of Lockhart v. Lytle, 47 Tex. 452, seems typical, but those authorities concern suits upon unliquidated matters resting in partnership dealings, and are not in point here. But even in those cases the rule here asserted is at least indirectly upheld. In the Lockhart Case, for instance, the suit was to "recover contribution for certain expenditures of money and labor by a partner, for the use of the partnership," which transactions had not been reduced to an express agreement. And in that case, in which it was held in obedience to the general rule that the suit could not be maintained without an accounting, the rule invoked in this case was indirectly upheld, for the Supreme Court said:

"The authorities are that such a suit cannot be maintained, at least not without showing a special agreement, or a separation of the transaction from partnership accounts."

[2] We hold, then, that appellant's suit was not prematurely brought, and that it

may be maintained without a previous accounting of the partnership affairs.

The judgment is reversed and the cause remanded for trial upon the merits.