## HOFFMAN v. GODLIN.

No. 3866.

Court of Civil Appeals of Texas. El Paso.

May 11, 1939.

Grisham & Grisham, of Tyler, for appellant.

866

Saye & Saye and H. P. Smead, all of Longview, for appellee.

HIGGINS, Justice (after stating the case as above).

In a proper case, the Court, in the exercise of a sound discretion, may permit a defendant to withdraw an answer to the merits and permit such defendant to file a plea in abatement. 1 Tex.Jur. p. 166, sect. 121. However, some good excuse should be shown by the defendant for his failure, in the first instance, to file such plea in due order of pleading. This suit was filed May 23, 1938. Amended petition was filed June 6, 1938. Godlin had discussed the case with his counsel at least three or four times before the filing of his answer to the merits on July 2nd. Counsel testified that at the time he filed such answer he did not have sufficient information to file any other kind, but no excuse is shown for Godlin's failure to fully advise him in the premises at the various conferences theretofore held. We are of the opinion no excuse is shown for the failure to file the plea in abatement in due order, and it was, therefore, an abuse of discretion on the part of the trial court to later permit defendant to withdraw his answer to the merits and plead in abatement. 1 Tex.Jur. p. 166, Sect. 121; Eden v. D. M. Osborne & Co., 14 Tex.Civ.App. 314, 37 S.W. 182. But, if we err in this conclusion, the judgment must nevertheless be reversed.

The evidence shows a mining partnership between Hoffman and Godlin in the acquisition, development and operation of three oil and gas leases upon land in Illinois known as the Garrett, Shannon and Riggs leases. The parties agreed to purchase the Riggs lease for $29,000. Godlin was unable to pay his half of the purchase price and at his request Hoffman paid same, taking Godlin's note therefor in the sum of $14,500 here sued upon. The other leases were owned by Godlin, who conveyed an undivided one half interest therein to Hoffman. Hoffman agreed to drill wells upon the leases. Godlin agreed to furnish the casing, tubing, Xmas trees, tanks, flow lines and separators for the wells. Two wells were drilled by Hoffman, one of which was a dry hole, and the other has produced a small amount of oil. Godlin was financially unable to buy and furnish the equipment he had agreed to furnish, except upon the guaranty of Hoffman of the payment of the purchase price. Hoffman later had to pay same, and the moneys sued for upon account represent the payments so made by him. In support of the judgment appellee invokes the well-known settled rule that a suit between partners involving partnership affairs cannot be maintained without a previous accounting of such affairs. But this rule is subject to a number of exceptions. Clamp v. Nolan, Tex.Civ. App., 300 S.W. 105. We quote: " * * * Similarly an action of assumpsit lies between partners if the subject matter of the suit has never properly belonged to the partnership concern, or if, although it has belonged to the partnership concern, there has been some distinct and explicit act of the parties by which distinct and separate interests and liabilities have been created. For example, where there is an express agreement by one partner to repay to the other his share of the advances made by the latter on account of the partnership business, the amount of such share becomes thereby the debt of the partner who has thus agreed to pay the same, which may be recovered in an action brought directly therefor, without any regard to the partnership relation existing between the parties or the state of their firm accounts. A distinction is drawn between an agreement by one partner individually to do something for the benefit of the other individually, which will be enforced if the damages can be assessed without an investigation of the partnership accounts, and an agreement entered into for the benefit of the partnership, and consequently of both partners, so that neither partner alone has a right to sue in his own name for the damages arising from its breach. Accordingly it is held that one partner may sue another for money loaned without a settlement of the partnership accounts where the loan is not a partnership transaction although the borrower intended to put the money into the firm and does put it into the firm." See 20 R.C.L., Partnership, Sect. 150.

The evidence in this case renders applicable the rule quoted. The money sued for is the individual debt of Godlin to Hoffman and there is no occasion for an accounting of the partnership affairs as a condition precedent to the right of Hoffman to maintain a suit to recover the money he has advanced for Godlin's individual benefit and for which Godlin be-

came individually liable by contracts express and implied. R.C.L., supra; Clamp v. Nolan, supra; Schwarz v. Lee, Tex. Civ.App., 287 S.W. 519.

The matter referred to in appellee's third counter-proposition is not properly before us for determination at this time, but in view of retrial will say the same is without merit.

Reversed and remanded.