**DAY et al. v. GRAYSON COUNTY STATE BANK.**

No. 2346.

Court of Civil Appeals of Texas. Waco.
July 10, 1941.

O. H. Woodrow and A. F. Nossaman, both of Sherman, for appellants.

B. F. Gafford, of Sherman, for appellee.

HALE, Justice.

Grayson County State Bank instituted this suit against M. R. Webster and Robt. E. Day, alleging that on March 15, 1938, Day executed and delivered to Webster his promissory note in the sum of $1,800 to become due on September 15, 1938, and that Webster endorsed said note over to the bank; that on April 13, 1938, Day executed a chattel mortgage covering four automobile trucks for the purpose of securing the payment of said note, which mortgage was immediately filed for registration and was then transferred and assigned to plaintiff. It sought judgment against each of the defendants on said note, together with foreclosure of its lien.

Webster answered with a general denial and alleged that the note sued upon was made payable to his order at the instance of plaintiff and his endorsement of the same was procured through fraud in that plaintiff and Day each represented to him that the chattels covered in a certain mortgage dated March 17, 1937, securing the bank in the payment of a prior note, were still in existence and that the proposed renewal note was secured by said mortgage, when they knew such chattels had been sold by agreement between plaintiff and Day; that if he should be held liable to plaintiff, notwithstanding the fraud practiced upon him, then his liability as endorser was secondary and he had been released from secondary liability because the bank had voluntarily released the security described in the mortgage dated March 17, 1937, without his knowledge or consent, and the value of the security thus released was in excess of the amount of the note sued upon. By way of cross-action against plaintiff and Day, he alleged that he was the owner of certain notes executed by Day aggregating $1,423.16, which were secured by a chattel mortgage on the trucks upon which plaintiff was seeking a foreclosure and that his lien on said trucks was prior and superior to the lien asserted by plaintiff. He prayed that plaintiff take nothing against him and, in the alternative, if he be held liable to plaintiff as endorser of the note sued upon, that he recover an equal amount over against Day as the maker of said note; and as cross-plaintiff he prayed for judgment against Day on his notes, together with foreclosure of his mortgage lien, and that his lien be declared superior to that of plaintiff.

Day answered with a general denial and plead affirmatively that the mortgage asserted by plaintiff was unenforceable because there was no consideration for its execution and that plaintiff was not the owner of said mortgage because the same was never transferred, assigned or delivered by Webster to the bank. He further alleged that plaintiff had wrongfully and

maliciously sued out a writ of sequestration and had thereby taken from him the possession of his trucks, and he sought recovery of the bank on his cross-action for his claimed actual and exemplary damages.

Plaintiff filed supplemental petitions, answering the pleadings of defendants with pleas of estoppel, alleging that on March 17, 1937, defendants borrowed from it the sum of $2,500 representing that they intended to use said money to purchase the Bramlet Transfer & Storage Company (hereinafter called Storage Company) and operate the same as a partnership; that defendants executed their joint chattel mortgage covering certain automobile trucks and all equipment then belonging to the Storage Company in order to secure the payment of their joint note No. 3389 for $2,500, dated March 17, 1937, payable to plaintiff, to become due on September 15, 1937; that on September 15th the sum of $700 was paid on said note and the remaining balance of $1,800 was renewed by Note No. 5476 signed "Bramlet Transfer & Storage Company, by Robt. E. Day," to become due on March 15, 1938; that plaintiff prepared the note sued upon and endorsed upon it, "This note is a renewal and extension of notes No. 3389 and 5476 and covers same security", and delivered said note to Day for execution by him and Webster; that said note was thereafter signed by Day and endorsed by Webster and delivered to the bank by Day and "plaintiff accepted the same as endorsed and as written and allowed the renewal and extension of said indebtedness"; that Webster, as alleged in his pleading, had purchased the first lien upon the trucks against which plaintiff sought foreclosure, but that plaintiff was not aware of such facts at the time it accepted the note herein sued upon.

The jury found on special issues that (1) on March 15, 1938, Day and Webster were partners in the operation of the Storage Company; (2) Webster knowingly consented to Day's disposing of the trucks originally mortgaged to secure the note dated March 17, 1937; (3) plaintiff did not represent to Webster as an inducement to procure his endorsement of the note sued upon that it would be secured by the same security as the prior notes No. 3389 and 5476; (4) Webster, in endorsing the note sued upon, did not rely upon the representation made in said note that "this note is a renewal and extension of notes No. 3389 and 5476 and covers same security"; (5) the partnership between Webster and Day was not dissolved before the chattels given as security on note No. 3389 were disposed of; (6) plaintiff had no notice of the dissolution of the partnership before the chattels given as security for note No. 3389 were disposed of; (7) the reasonable cash market value of the trucks originally mortgaged to the bank was $1,500 at the time when they were disposed of by Day. The court rendered judgment (1) for $1,800, with interest and attorney's fees in favor of plaintiff and against Webster and Day jointly and severally, with foreclosure of the lien on the trucks in controversy; (2) for $1,423.16, with interest and attorney's fees in favor of Webster against Day, with foreclosure of lien; (3) directing that the trucks be sold and the proceeds applied first, to the satisfaction of the judgment in favor of plaintiff, and second, to the judgment in favor of Webster, and third, that the remainder be delivered to Day; (4) that except as specifically decreed all relief sought by any party against any other be denied. From this judgment Webster and Day have each appealed.

By appropriate assignments appellant Webster contends that the foregoing findings of the jury numbered from 1 to 6, inclusive, are each contrary to the undisputed evidence and are without proper support and that the judgment rendered upon such findings is therefore erroneous. He further asserts that since he was only an endorser on the note sued upon, his liability, if any, was secondary and in any event he should have been given judgment against Day for any amount adjudged against him. He complains because the trial court found in its decree of foreclosure that his mortgage lien was inferior and subordinate to that of appellee bank, contrary to the agreement between the parties. He also complains because the trial court refused, upon his timely request, to submit to the jury for their determination the issues as to whether there was any consideration for the execution of the mortgage sued upon, or as to whether said mortgage was ever delivered to him.

It is elemental that when a case is tried to a jury, it is the duty of the trial court to submit in the charge to the jury, upon seasonable request, all ultimate controlling issues of fact raised by the pleadings and tendered by the evidence. Moreover, when the jury has made its findings on properly submitted issues, such findings will not be disturbed on appeal unless they are so manifestly against the overwhelming weight and preponderance of the competent

admissible testimony as to be clearly wrong. But the trial court and jury are bound on any material allegation which is established by undisputed evidence and documents, or by the valid admissions and agreements of the parties. The judgment of the court should conform to the pleadings, the nature of the case proved and the verdict, and should be so framed as to give any party thereto all the relief to which he may be entitled either at law or in equity. Having summarized the pleadings upon which the verdict and judgment complained of are based, we shall now, in the light of the applicable law, set forth the substance of the evidence adduced and the agreements made on the trial of the case.

Webster and Day each testified that they formed a partnership during the month of March, 1937, for the purpose of purchasing and operating the Storage Company, but that such partnership was dissolved on May 31, 1937; that they borrowed $2,500 from the bank and executed their joint note under date of March 17, 1937, for the debt; that Webster took no part in the operation of the business and had no further interest of any kind in the same after the sale from him to Day was consummated. Day testified that he explained to the president of appellee bank why he wanted to buy Webster's interest in the business and that he then sought to secure from the bank a complete release of Webster from the original note dated March 17, 1937, in order that he might consummate the proposed purchase; that the bank's president, Mr. Perry, stated that the bank would not completely release Webster from the note, but that it would accept a new note in lieu of the original, payable to the order of Webster and endorsed by Webster, and thereby release Webster as a maker of the note and as a partner in the business; that such new note was so executed and substituted by the parties for the original note, and the sale from Webster to Day was then consummated by written instrument dated May 31, 1937.

Perry admitted discussing the matter with Day and admitted that a new note numbered 3389 was executed by Day as maker payable to the order of Webster and endorsed by the latter and that such note was accepted by the bank and substituted for the original note signed by Day and Webster as joint makers. The record discloses that on June 4, 1937, Day properly executed his certificate under oath stating that he was the sole owner of the business being conducted under the firm name of the Storage Company and such certificate was immediately filed with the County Clerk of Grayson County for registration in accordance with the provisions of Art. 5924 of Vernon's Ann.Tex.Civ. St. After the dissolution of the partnership in 1937, all of the many checks drawn against the running account of the Storage Company with appellee bank were signed on behalf of the company "by Robt. E. Day— Owner and Manager", and all checks so drawn were paid by the bank. There was no competent evidence insofar as Webster was concerned tending to show that he and Day were partners in the operation of the Storage Company on March 15, 1938, except their admission that they were so operating prior to May 31, 1937.

Day testified that within thirty or sixty days after the dissolution of his partnership with Webster, he talked with Perry about the propriety of disposing of the security covered in the mortgage dated March 17, 1937, and trading some of his old trucks in for new ones, and that Perry consented to his doing so. Perry testified that before he gave permission to Day to dispose of the trucks covered in the original mortgage, he asked Day if such was satisfactory with Webster and Day said it was. Perry admitted that he had no authority from Webster to let Day dispose of the trucks covered in the mortgage and that he did not in anywise discuss the matter with Webster. Day testified that he did not discuss with Webster the propriety of disposing of the trucks covered in said mortgage. On September 15, 1937, the sum of $700 was paid to the bank on note No. 3389 and at that time renewal note No. 5476 payable to the order of the bank in the sum of $1,800, to become due on March 15, 1938, and signed "Bramlet Transfer & Storage Company, by Robt. E. Day, Owner", was accepted by the bank. Webster was not requested to sign this note and he did not sign the same either as endorser or otherwise.

Webster testified without dispute that he did not give his consent or permission either to Perry or Day for the latter to trade off the trucks covered in said mortgage and the first time he heard anything about the release and disposal of the mortgaged property was in October, 1938; that when the note sued upon was presented to him by Day, he believed the original security was still in existence and owned by Day and he would not have endorsed the note had he known the security had been disposed of. Perry

admitted the bank inserted in the face of the note sued upon the statement "This note is a renewal of notes No. 3389 and 5476 and covers same security", prior to the time it was endorsed by Webster. It was conclusively shown that Day had disposed of the trucks covered in the mortgage dated March 17, 1937, with the consent of the bank, at the time when the bank prepared the note sued upon and at the time when Webster endorsed the same; but we can find no evidence in the record showing or tending to show that Webster knowingly consented to Day disposing of the mortgaged trucks.

▌ From the foregoing, it appears that some of the findings complained of are without any support in the evidence, some are contrary to the undisputed evidence, and others are so obviously against the overwhelming weight and preponderance of the competent testimony adduced as to be clearly wrong. While the lawful province of the trial court and jury to pass upon all disputed issues of fact is entitled to the utmost deference, yet a patently erroneous exercise of such prerogatives in the first instance does not relieve an appellate court from its positive duty under the law to reverse a judgment when the same is based upon such unwarranted findings. We therefore conclude that the judgment appealed from must be reversed because of the insufficiency of the evidence to sustain the findings upon which the same was rendered.

▌ We think it is clear, under the pleadings and evidence before us, that if the appellee bank was entitled upon any theory to a recovery against appellant Webster, then in that event Webster should have been awarded a recovery over against Day for any amount that might have been adjudged against him in favor of the bank.

▌ Furthermore, we fail to see any justification under the pleadings or evidence for the action of the trial court in decreeing that the bank's lien was prior and superior to the lien of Webster. The bank and Webster each plead that Webster was the holder and owner of the first lien upon the trucks in controversy. It was agreed in open court that Webster had purchased from Merchants & Planters National Bank of Sherman, Texas, the notes of Day evidencing his indebtedness of $1,423.16, and that the payment of said notes was secured by a valid chattel mortgage covering the trucks described in the mortgage sued upon by the bank and that Webster's lien was

first and superior to that of the bank. There was no allegation, proof or jury finding of any fraud practiced upon the bank by Webster in connection with the execution and delivery of the note and mortgage upon which the bank seeks to recover. The mere fact that the bank was not actually aware of the existence of a chattel mortgage, duly registered in the county where said chattels were situated, would not operate to make the bank's subsequent mortgage a prior or superior one, even though the bank had not made the admissions and agreement which it did make.

▌ Appellant Day also asserts there was no evidence in support of the finding that he and Webster were partners in the operation of the Storage Company on March 15, 1938; but that, if there was sufficient evidence to sustain such finding, then the trial court erred in rendering judgment against him in favor of his partner upon a partnership claim without an accounting and settlement between the co-partners. We think the dilemma presented is inescapable. If the partnership was not dissolved on May 31, 1937, as alleged and testified by Day and Webster, then they were necessarily partners at the time of trial and the notes upon which Webster based his claims against Day were given to evidence a partnership debt. Under such circumstances, no recovery on said notes in favor of Webster would have been permissible. Masterson v. Allen, Tex.Civ.App., 69 S.W.2d 539, point 1, p. 542; Hoffman v. Godlin, Tex.Civ.App., 128 S.W.2d 865.

▌ Appellant Day also complains because the court refused to submit to the jury his timely requested issues as to whether there was any consideration for the execution of the chattel mortgage sued upon by the bank, and as to whether such mortgage was ever transferred or delivered by Webster to the bank. Day testified that he executed the note sued upon, secured its endorsement by Webster and then delivered the same to the bank; that about three weeks after the bank had accepted said note, Mr. Perry advised him that an examiner had checked the bank and wanted more security on the note; that he then executed the mortgage sued upon and delivered it to the bank; that the bank did not give him anything as consideration for the execution of the mortgage and that the chattels described in said mortgage were not the same as the chattels covered in the mortgage dated March 17, 1937. Some of this testi-

604

mony was disputed by Perry. Webster testified that he did not file said mortgage for registration, did not transfer, assign or deliver it to the bank and did not know of its existence until October, 1938.

We are of the opinion that these requested issues should have been submitted. If there was no benefit to Webster and Day, or to either of them, and no detriment or prejudice to the bank, by reason of the execution of the mortgage sued upon, then there was no legal consideration for the same. That there was proper consideration for the debt as contradistinguished from the mortgage is not controlling, because it has been held, and we think properly so, that a mortgage given to secure a valid and subsisting debt, without any contemporaneous renewal or extension of the debt, may be gratuitous in contemplation of law. Jenkins v. First Nat. Bank of Coleman, Tex.Civ.App., 101 S.W. 2d 845, par. 7.

We do not express any opinion on the ultimate rights and potential liabilities between the several parties, except insofar as the same are sought to be predicated upon the record now before us. Because of the errors discussed, the judgment appealed from is reversed in its entirety and the cause, with all parties, is remanded to the trial court for another trial.